GARDINER, Judge.
Plaintiff, a patrolman, appealed his suspension and subsequent dismissal from the New Orleans Police Department to the Civil Service Commission of the City of New Orleans. On February 23, 1968, after due hearing, the Commission ordered plaintiff reinstated “with full back pay and benefits due him as a police officer in the classified service,” including accumulated sick and annual leave. At a later date, on motion of Sewell in the same proceeding before the Commission, he averred that while he was suspended or dismissed from the Police Department, he was on a promotion list making him eligible for the position of Field Sergeant, and that all officers on the same list were promoted except plaintiff. He prayed that a rule issue ordering the Superintendent of Police to show cause why plaintiff should not be promoted to the rank of Field Sergeant and awarded back pay and all overtime pay based on the salary at the higher rank.
The Commission heard testimony of the Superintendent of Police and the patrol *622 man on those demands, and, on August 1, 1968, it concluded that plaintiff has been properly reinstated to his former position and had received all benefits due him, but it denied his demands for back pay based on the salary of a sergeant. Plaintiff has appealed to this court seeking a reversal of the decision of the Commission.
The question for our consideration is whether the Appointing Authority discriminated against plaintiff by his refusal to promote the patrolman to the rank of sergeant during the time of his suspension and dismissal.
Counsel for plaintiff asserts that the failure of the Appointing Authority (Superintendent of Police) to promote Sewell is an act of discrimination against him which is not permitted under the terms of Article 14, Section 15(N) (1) of the Constitution of this state, declaring that “no person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
In support of that argument counsel cites the case of Hays v. Louisiana Wild Life and Fisheries Comm., La.App., 165 So.2d 556, which we do not find applicable. There, as in the present matter, plaintiff had been judicially reinstated in his former position with civil service status. The Court of Appeal, Third Circuit, referred to an earlier case (153 So.2d 562) quoting with approval the following language:
“These ‘step increases’ are granted to employees on the basis of their merit ratings and satisfactory performance of their duties. They are discretionary with the appointing authority.
“Under these circumstances, we agree with out trial brother that the question is not before us of whether the defendant Commission abused its discretion by failing to grant to the plaintiff employee the same merit step-increases in pay as were accorded all other employees of his status during the period of his illegal dismissal from the state civil service. If the defendant agency illegally discriminated against the plaintiff by failing to grant him these step-increases in pay, the Civil Service Commission is under our constitution vested with exclusive jurisdiction, subject to judicial review, to hear complaints of civil service employees that they have been subjected to discrimination prohibited by our Civil Service Amendment.”
Plaintiff had been denied the step-increases on the theory that “since he performed no work during the period between his discharge and reinstatement, he had no service rating for said interval and therefore could not establish the necessary eligibility.” The appellate court in the later case found that the evidence indicated that all the plaintiff’s prior service ratings were satisfactory and qualified him for salary step-increases upon recommendation of his superiors. The court also said that the employee involved had never previously performed services rated as unsatisfactory. Therefore, it concluded that no good and lawful cause was shown by the employer to deny the increases. The court held that under these facts the employee was entitled to the step-increases in salary as were paid other employees similarly situated.
From the Commission’s finding of fact, we quote the following paragraphs:
“3. The appellant is not entitled, by virtue of the February 23, 1968, opinion of this Commission reinstating him to the status of Police Patrolman, to a promotion to the rank of sergeant.
“4. Appellant was 87th on an eligible list of 125 names of police patrolmen all of whom, except appellant, received promotion to the rank of sergeant during the period of appellant’s dismissal. The said eligi *623 ble list is still alive and current and at this time appellant is No. 1 on said list.
“5. The action of the Appointing Authority complained of by the appellant herein was administrative and discretionary and promotion of appellant was not mandatory.

“8. The Appointing Authority did not abuse its discretion in passing over appellant’s name either during the period of his suspension or' his dismissal or at the present time, and its failure to promote appellant to the rank of police sergeant was an administrative, dis- • cretionary act with which this Commission will not interfere.”
Counsel for the New Orleans Police Department points to Rule VI 3.4 of the Civil Service Rules under which the Appointing Authority has the authority to pass over a person at the head of the eligible list, and, after he passes that person three times, may also request the Director of the Commission to omit the name of the eligible employee from any subsequent certification to the same Appointing Authority from the same register.
It is evident that this rule gives the Superintendent of Police, as the Appointing Authority, much discretion in choosing employees for promotion certified as eligible from a list. It is not his mandatory duty to promote. Promotions do not take place automatically or as a matter of right such as where an employee is entitled to his salary. The Supreme Court said, in Hearty v. Department of Police, City of New Orleans, 238 La. 956, 117 So.2d 71, that the unlawfully suspended or dismissed civil servant is entitled as a matter of right to his salary during the period of his illegal suspension or dismissal.
Under the hereinabove cited article of the Constitution the burden of proof on appeal to the Commission as to facts shall be on the employee. In its written comments, findings of fact and conclusions the Commission found that there was “no compelling evidence” to show an abuse of discretion on the part of the Appointing Authority in refusing to promote the employee to a higher rank. From our review of the record before us it is our opinion that there is no evidence showing that the Appointing Authority discriminated against the plaintiff.
As to counsel’s argument in brief, that the order reinstating Sewell with all back pay and benefits due him as a Police Officer should be construed to mean that the Commission had authority to promote plaintiff, even if it had merit, cannot be considered by us as plaintiff is not appealing from the Commission’s order of February 23, 1968.
Counsel concede that the question is moot as to whether the Commission had authority to off-set plaintiff’s earnings which he received during his unlawful suspension inasmuch as he has received his full back pay.
For the reasons assigned the decree of the Civil Service Commission is affirmed.
Affirmed.