SAMUEL, Judge.
Appellants are six lieutenants of the New Orleans Police Department who- are under civil service. During 1968 they took and passed written and oral promotion examinations for the rank of captain. On March 22, 1968 a police captain eligibility list was established and each appellant was placed on the list, their rank numbers ranging between 17 and 26. The list, which was set to expire in one year, was extended by the Commission until March 21, 1971. On April 4, 1968 the first sixteen on the list were promoted to captain. Although there have been and are budgeted and approved vacancies in the rank of captain sufficient in number to allow the promotion of all of the appellants, and although their names remained on the eligible list until it expired, no other qualified eligibles *393 from the list were promoted. There is no suggestion that appellants are not qualified to serve as captains. To the contrary, they appear to be well qualified, veteran career police officers.
On more than one occasion appellants requested the Superintendent of Police (the appointing authority) to promote them to the rank of captain. They made the request to the present superintendent after he had taken office in August, 1970. On February S, 1971 they advised the then acting director of personnel of the vacancies and he sent a letter to the superintendent inquiring whether such vacancies existed. The superintendent replied in the affirmative. By letter of February 12, 1971 the acting director of personnel then advised the superintendent of the existence of the promotional list and suggested the superintendent should submit the necessary per-sonel requisitions to get sufficient names to fill the vacancies. The superintendent did not reply to the second letter.
On February 9, 1971, at which time they were the only persons remaining on the list, appellants appealed to the New Orleans City Civil Service Commission praying that the Superintendent of Police be ordered to show cause why appellants should not be considered for and promoted to the rank of captain to fill existing vacancies. The Commission set the matter to be heard on March 19, 1971.
Because the eligibility list would expire only two days after the date set for the hearing, appellants filed a petition in the Civil District Court for the Parish of Orleans to enjoin its expiration. That court granted a temporary injunction which had the effect of extending the expiration time until the Commission could hear the appeal and render a decision thereon.
Following the hearing, the Commission rendered its decision dismissing the appeal. A request by the appellants to this Court for continuation of the injunctive relief relative to expiration of the list was denied on April 7, 1971. Appellants then filed and perfected this appeal from the decision of the Commission.
The. first question presented for our consideration is a prayer by the Commission that it be dismissed as a party defendant.
The Commission was a proper respondent in the district court relative to the temporary restraining order extending the expiration of the list and in appellants’ application to this court seeking a further extension. However, the injunctive feature of the case no longer exists. The temporary restraining order granted by the district court has expired and this court denied the extension application. This is simply an appeal taken in accordance with Article XIV, § 15 of the Louisiana Constitution and Rule XVI of the Uniform Rules of the Courts of Appeal from a decision of the Commission. The Commission, a quasi-judicial body which has decided the merits of appellants’ claim, is not before this Court as a party or litigant in this appeal; it is in the same position as is a trial court from whose judgment an appeal has been taken. Accordingly, we will dismiss the Commission as a party defendant.
In this court appellants have filed sixteen assignments of errors. We are unable to consider all of the assignments because most are based on findings of fact by the Commission. Under the pertinent constitutional provision the decision of the Commission is final on the facts and appeals from Commission decisions are limited to questions of law.[1] Essentially, appellants contend the superintendent had a duty to consider the filling of the vacancies by the required use of the eligibility list and his failure to do so constitutes an attempt to circumvent the law and violate the spirit of the civil service system. As we *394 see it, the basic question presented is whether the appointing authority is required to fill vacant positions in his department by promotion from an existing list of eligibles.[2] If he is not required to do so; and our conclusion is that there is no such requirement, the judgment of the Commission must be affirmed.
We have held the Superintendent of Police, as the appointing authority, has no mandatory duty to promote; he enjoys “much” discretion in choosing employees properly certified as eligible; and promotions do not take place automatically or as a matter of right.[3] Of greater pertinence is Rule VI, § 2.1 of the Rules of the Civil Service Commission of the City of New Orleans, which reads:
“Whenever an appointing authority proposes to fill a vacancy in the classified service, he shall submit to the Director a statement showing the position to be filled and the class and duties thereof, and he may also specify the necessary and desirable qualifications of the person to be appointed thereto.” (Emphasis ours).
Under the above quoted Rule VI, § 2.1 it is the appointing authority, here the superintendent, who determines whether or not a vacancy will be filled; it is he who “proposes”. As we understand the quoted section and the civil service rules generally, it is the appointing authority, the person in charge of the department, who makes the decision, for he is the one responsible for the proper operation of the department he heads. He is not required to fill vacancies as they occur and, within his sound discretion, he has the authority to decide whether there is a need to fill a specific position in his department at any given time.
For the reasons assigned, the Civil Service Commission of the City of New Orleans is dismissed as a party defendant in this appeal and the decision appealed from is affirmed.
Affirmed.

. LSA-Const. Art. 14 § 15(0) (1). A similar provision, limiting an appeal from a civil service commission to a review of questions of law, is contained in Rule XVI, § 1 of the Uniform Rules of the Courts of Appeal.

. We note the Commission found the evidence failed to show any animosity toward, or discrimination against, any of the appellants by the superintendent, a finding amply supported by the transcript.

. Sewell v. New Orleans Police Department, La.App., 221 So.2d 621, a case decided under Rule VI, § 3.4 of the Rules of the Civil Service Commission of the City of New Orleans, under which the appointing authority may pass over a name on the eligible list.