337 So.2d 308 (1976)
Charles RODRIGUEZ
v.
CITY CIVIL SERVICE COMMISSION FOR the PARISH OF NEW ORLEANS, and their agents and Superintendent of Police, Clarence B. Giarrusso and his agents.
No. 7575.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1976.
*309 James Burnett Aime and Clyde A. Ramirez, New Orleans, for Charles Rodriguez and Wayne Levet.
Ralph D. Dwyer, Jr., Many, Lo Coco & Dwyer, City Civil Service Commission, New Orleans, for the Parish of New Orleans.
David Gertler, Frank C. O'Halloran, Jr., Constant G. Marquer, Jr., New Orleans, for James Howley, III, and Kenneth Dupaquier.
Before REDMANN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Suit was brought by two members of the New Orleans Police Department, whose names appear on a promotion list for promotion to Captain, against the City of New Orleans and various appointing agencies, seeking a preliminary injunction enjoining the defendants from certifying a list of eligibles and promoting from such list, a permanent injunction to the same effect, and judgment deleting veteran's preference points from computations of a list of eligibles for promotion. By stipulation of the parties, a hearing was held on the preliminary injunction and permanent injunction. The prayer for a declaratory judgment was apparently eliminated. The trial court granted judgment in favor of defendants and dismissed plaintiffs' demands. Although there were intervenors in the suit no mention is made of the disposition of the intervention. Only the plaintiffs have appealed.
The basic issue is the effect of a change in the constitutional provisions regarding veteran's preference. The Louisiana Constitution of 1921, Article 14 § 15(I) granted veterans 3 point preferences in promotions. Louisiana Constitution of 1974 Article 10 § 10(2) omits the 3 point preferences in promotions. At issue here is a promotion list established on July 1, 1974 for a two year period, from which promotions to captain are being made. Under that list appellants were ranked without the 3 point preference (they being non-veterans), and other applicants were ranked ahead of them, some with the 3 point preference and some without. They contend that from the effective date of the Constitution of 1974, that all eligibles for appointment should be ranked on the basis of test grade only and the 3 point veteran's preference be eliminated.
We are of the opinion that the list as it is presently formed is contrary to the Constitution of 1974 and the 3 point veteran's preference should be eliminated from the promotion list. LRS 33:2410 provides for the establishment of promotion lists and requires that the eligibles shall be ranked in the order of their ratings earned in the tests given for the purpose of establishing the list, subject, however, to subsequent revision by the Director in compliance with RS 33:2418. This follows the general authority granted in La. Constitution of 1921, Art. 14 § 15(I) in which the 3 point veteran's preferences is granted to be added to an otherwise eligible person's score. The Director shall determine at the time any promotion list is established the period during which the list shall remain in force, which shall not be less than six months nor more than three years. He may extend the period up to the three year maximum for good reason, and he may consolidate or cancel promotion lists as the needs of the service require as authorized by the rules.
Rule 5 of the Civil Service Commission of the City of New Orleans provides for the establishment of promotion lists and employment lists. It follows the statutory law with the minimum duration of six months and a maximum duration of three years at the determination of the Director. It further provides for a method of combining current employment lists with new ones in Section 5.4.
A consideration of the statutory law pertaining to promotional lists and the *310 Rules of the Civil Service Commission of the City of New Orleans shows that, subject to the limitations of a minimum of six months and maximum of three years, the effective use or maintenance of such lists is entirely at the discretion of the Director. Since he can suspend such lists, alter them, or give new tests to supercede them, it is apparent that no one has any vested right in the maintenance of such lists past six months minimum period. It cannot be successfully argued that the constitutional change effected in 1974 did not thus take away the Veteran's preference of 3 points granted in the previous constitution and statutory law.
The right to the 3 point veteran's preference for promotions came into existence first in the statutory law and then by virtue of the amendment to the Constitution of 1921. When the promotion list was prepared it conformed to the provisions of the then existing law and, due to the provisions of the Constitution of 1974 that it was not to be retroactive, the list was valid and correct for a period of six months from the date of its confection. While a right to preference existed, under the terms of the then existing law, it was subject to change after a period of six months, and could not be a vested right beyond that time. A right is a vested right when the right to enjoyment, present or prospective, has become the property of some particular person as a present interest, and the right must be absolute, complete, and unconditional, independent of a contingency, and not a mere expectancy of future benefit or contingent interest in property. Tennant v. Russell, 214 La. 1046, 39 So.2d 726. After a six month period, the list became subject to the discretion of the Director. When the constitutional right of 3 point preference was removed, the Director was then required to take away that preference and re-rank the eligibles in accordance with their test score. Accordingly, we find the present list to be in error, and must grant the injunctive relief prayed for until the Director rearranges the names in accordance with test scores only, or prepares a new eligibility list.
Considering the procedural posture of this case and the type of relief sought, our judgment is limited only to the promotional list at issue here. Accordingly, IT IS ORDERED that the judgment appealed from is reversed, and there is judgment in favor of plaintiffs Charles Rodriguez and Wayne J. Levet and against the defendants issuing a writ of permanent injunction enjoining them and others acting in their behalf from maintaining the present promotional list for captain from which to certify eligible individuals for promotion by according veterans 3 points preference, and enjoining any promotions from the list until such time as the present list is rearranged without regard to the veteran's 3 point preference, or a new promotional list is prepared in accordance with law. The defendants are cast for such court costs as they may be statutorily required to pay.
REVERSED AND INJUNCTION ISSUED.