SCHOTT, Judge.
Plaintiffs, 16 patrolmen with the New Orleans Police Department, filed two suits, one for a writ of mandamus and the other for declaratory relief seeking redress against an alleged illegal failure of the Police Superintendent to promote them to the rank of sergeant. They have appealed judgments dismissing both suits and these matters have been consolidated in this court.
Police officers may qualify for promotion to a higher rank by civil service examination. From the results, promotional lists are compiled ranking eligibles according to their examination scores. Prior to January 1,1975, veterans were granted a three-point preference in the compilation of their promotion examination scores. (La.Const.1921, Art. 14 § 15(A)(1).) La.Const. 1974, Art. 10, § 10(2) omits the veteran preference points for civil service promotions.
The promotions of which plaintiffs complain were made December 24, 1975; however, the list of eligibles from which the candidates were selected was compiled on January 26, 1973, based on an examination given in October, 1972. The three-point veteran preference was added in the scores on this list. Were it not for the bonus points, plaintiffs would have scored higher and been ranked for promotion ahead of many who were advanced.
In the ease of Rodriguez v. City Civil Service Commission, 337 So.2d 308 (La.App. 4th Cir. 1976), we held that the constitutional change effected in 1974 took away the veterans’ preference points afforded for promotion purposes under the previous Constitution in a case involving promotion from Lieutenant to Captain. Thus, to the extent that men with lower test scores than plaintiffs’ were promoted in December, 1975, such action was contrary to the new Constitution, as we interpreted it in the Rodriguez decision in August, 1976.
Furthermore, the Civil Service Commission revised its rules in 1975 before the promotions in question were made so as to discard from the pertinent section the provisions for veterans’ preference points. From this plaintiffs argue that the list for the 1975 promotions should have been revised with the veterans’ preference points subtracted and the eligibles should have been reranked.
In the Rodriguez case we were able to provide an adequate remedy to the plaintiffs because the promotion list involved was still alive when the case was considered. But in the instant case the promotion list originally dated January 26, 1973, was scheduled to expire on January 26, 1976, with no possibility of extension thereafter. Although our plaintiffs brought their first suit on January 21,1976, the case was not tried until February, 1977, long after the list expired. After the expiration of that list, other lists were compiled from which additional promotions were made. A maximum life span for a promotional list is an integral part of the merit system since it makes room for aspirants who are more qualified than those on an outdated list. We know of no authority which enables a court to breathe life back into such a dead list.
Furthermore, while this court certainly has authority to annul invalid appointments made contrary to civil service rules, a court cannot order a promoting authority to make appointments from an eligible list. The decision as to whether and when to make promotions is solely for the appointing authority. Blake v. Giarrusso, La.App., 263 So.2d 392 (1972). It is of course arguable that the principle which prohibits courts from ordering promotions is inapplicable in a case such as this, that where the appointing authority has decided to make the promotions but has unlawfully selected the appointees, a court could order the promotions which the appointing authority already decided to make, but from a properly-ranked list of applicants. However, the answer may be that, given the duty to promote from the revised list without the veterans’ preference points, the Superintendent of Police may have decided not to make promotions until a new list was compiled one month after the appointments at issue.
*44 Plaintiffs have also sought to have the promotions of those who benefitted illegally from the veterans’ preference points declared null and void, but these individuals were not made parties to these proceedings. To adversely affect their rights under the circumstances would be an injustice and an infringement on their constitutional right to due process. We deem them to be indispensable parties and, pursuant to C.C.P. Art. 646, take notice of plaintiffs’ failure to join them. While the case could be remanded to permit plaintiffs to join them and to afford them an opportunity to defend their positions, we have concluded that a simple dismissal of plaintiffs’ suit without prejudice to bring a new suit against them will be a more orderly procedure. This is especially so since those indispensable parties may likewise wish to join as additional parties officers who were promoted from new lists provided after the subject list expired.
We are cognizant of the fact that our opinion seems harsh in that it does not afford plaintiffs an adequate remedy, but we are constrained to reach this result because, 1) we are powerless to revive the promotion list which expired over two years ago; 2) we do not have the authority to compel the Superintendent of Police to make appointments when this decision is within his discretion; 3) the Civil Service Commission in good faith advocated a position that the new Constitution could not interfere with rights which were vested in those on the list promulgated in accordance with the old Constitution, and their position was not judicially repudiated until some eight months after the list in question had expired; and 4) from the time of the effectiveness of the new Constitution on December 31, 1974, plaintiffs had ample time in which to take action to prevent the defendants from making the promotions they complain about on December 24,1975. While it is true that the Superintendent was operating under an agreement until December, 1975, which he had made with others who had filed a suit against him in federal court to prevent him from making further promotions, this other suit involved issues which are not involved in the instant case, and plaintiffs were not parties to that federal case or the agreement with the Superintendent and had no right to rely on that arrangement in governing their own conduct.
The judgments appealed from are affirmed.
AFFIRMED.
STOULIG, Judge, dissents.
GULOTTA, Judge, dissents for reasons assigned by STOULIG, J.