STOULIG, Judge,
dissenting.
I respectfully dissent.
The virtue of the majority result is that it does not create difficult administrative problems within the police department. However, convenience should yield when an appointing authority has acted illegally and in so doing has abrogated constitutional rights of the individual police officers concerned. Further the plaintiffs’ petition for declaratory relief remains unanswered.
To the extent that men with lower test scores than those of plaintiffs were promoted in December 1975 the promotions were contrary to law. When the 1974 Constitution became effective, the list should have been revised to rank all those seeking advancement by actual score and to eliminate the veterans bonus. Those with the three-point advantage authorized by the 1921 Constitution had a vested right to retain their position on the list only for a period of six months after it was originally compiled. Stated another way, the rankings of all men on the sergeant’s promotion list of January 26, 1973 remained vested through July 26, 1973. See Rodriguez v. City Civil Serv. Com’n for Par. of N. O., 337 So.2d 308 (La.App. 4th Cir. 1976), for an excellent history of the veteran preference legislation and the effect of the recent amendment on the constitutional guarantees of individuals whose names appeared on these lists when the law was changed.
The Civil Service Commission argues that even if the promotions based on preference points were invalid, the Civil Service Com *45 mission cannot order the 1975 promotions countermanded. It is urged this case is moot because the list expired January 26, 1976 and with it plaintiffs’ claims as eligi-bles for promotion.
This result would permit the hiring authority to circumvent legal criteria established by statute in making promotions. It was within the discretion of the superintendent to let the January 1973 list expire as a matter of law without advancing any man to the rank of sergeant. Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir. 1972). However, when he elected to promote, he was required to act in accordance with law. The fact that the list expired approximately one month after the promotion should not deprive plaintiffs of their right under the law.[1]
R.S. 33:2416 establishes a system for promotion through examination and Civil Service Rules Section 5.1 effective since October 1975 provides “ * * * eligibles shall be ranked in the order of their ratings earned in the examination given for the purpose of establishing this list.” Under this statute the appointing authority may not pass over more than two eligibles on the list submitted by the director.
Accordingly I think the list used for the 1975 promotions should be revised with the veterans preference points subtracted and the eligibles should be ranked as required by Rule Section 5.1.[2] The plaintiffs who fall within the top 27 eligibles should be promoted to the rank of sergeant, replacing those who scored lower and only achieved promotion by virtue of the three-point veterans preference. My suggested ruling would place at issue rights of some appointees to retain their promotion to the grade of sergeant, none of whom have been made defendants in this proceeding but who are nonetheless indispensable parties within the contemplation of C.C.P. art. 641. Therefore I think the matter should have been remanded to permit plaintiffs to present evidence in support of their claims for promotion and to simultaneously join the indispensable parties as defendants and by so doing afford them the opportunity to urge whatever defenses are available to them.
I think we should have declared that those promotions of December 24, 1975 achieved only by virtue of including the three-point veterans preference factor illegal and then remanded this case to join all indispensable parties adjudicating which particular appointments are tainted with nullity.

. Plaintiffs were unsuccessful in obtaining in-junctive relief before the list expired on January 26, 1976. They alleged in their petition that the Superintendent of Police was required to notify plaintiffs before making promotions under a compromise agreement entered into on December 12, 1973 in a federal proceeding arising out of complaints about the sergeant’s promotion list involved in this case. The trial judge refused to issue a temporary restraining order or injunction that would extend the life of the list and we know of no authority that would have permitted such action.

. The testimony of John Belson, Director of Personnel, Civil Service Department, indicates that the Commission changed its rules to delete the three veterans preference points prior to the appointments made by the Superintendent of Police on December 24, 1975.