357 So.2d 41 (1978)
Curt O. LECHLER et al.
v.
CITY CIVIL SERVICE COMMISSION FOR the PARISH OF ORLEANS and their Agents and Superintendent of Police, Clarence B. Giarrusso and his Agents (two cases).
Nos. 8580 and 8710.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
Writ Refused June 2, 1978.
*42 Many, LoCoco & Dwyer, Ralph D. Dwyer, Jr., New Orleans, for defendant-appellee (Civil Service Commission).
James Burnett Aime, New Orleans, for plaintiffs-appellants.
Before REDMANN, GULOTTA, STOULIG, SCHOTT and DUPLANTIER, JJ.
*43 SCHOTT, Judge.
Plaintiffs, 16 patrolmen with the New Orleans Police Department, filed two suits, one for a writ of mandamus and the other for declaratory relief seeking redress against an alleged illegal failure of the Police Superintendent to promote them to the rank of sergeant. They have appealed judgments dismissing both suits and these matters have been consolidated in this court.
Police officers may qualify for promotion to a higher rank by civil service examination. From the results, promotional lists are compiled ranking eligibles according to their examination scores. Prior to January 1, 1975, veterans were granted a three-point preference in the compilation of their promotion examination scores. (La.Const.1921, Art. 14 § 15(A)(1).) La.Const. 1974, Art. 10, § 10(2) omits the veteran preference points for civil service promotions.
The promotions of which plaintiffs complain were made December 24, 1975; however, the list of eligibles from which the candidates were selected was compiled on January 26, 1973, based on an examination given in October, 1972. The three-point veteran preference was added in the scores on this list. Were it not for the bonus points, plaintiffs would have scored higher and been ranked for promotion ahead of many who were advanced.
In the case of Rodriguez v. City Civil Service Commission, 337 So.2d 308 (La.App. 4th Cir. 1976), we held that the constitutional change effected in 1974 took away the veterans' preference points afforded for promotion purposes under the previous Constitution in a case involving promotion from Lieutenant to Captain. Thus, to the extent that men with lower test scores than plaintiffs' were promoted in December, 1975, such action was contrary to the new Constitution, as we interpreted it in the Rodriguez decision in August, 1976.
Furthermore, the Civil Service Commission revised its rules in 1975 before the promotions in question were made so as to discard from the pertinent section the provisions for veterans' preference points. From this plaintiffs argue that the list for the 1975 promotions should have been revised with the veterans' preference points subtracted and the eligibles should have been reranked.
In the Rodriguez case we were able to provide an adequate remedy to the plaintiffs because the promotion list involved was still alive when the case was considered. But in the instant case the promotion list originally dated January 26, 1973, was scheduled to expire on January 26, 1976, with no possibility of extension thereafter. Although our plaintiffs brought their first suit on January 21, 1976, the case was not tried until February, 1977, long after the list expired. After the expiration of that list, other lists were compiled from which additional promotions were made. A maximum life span for a promotional list is an integral part of the merit system since it makes room for aspirants who are more qualified than those on an outdated list. We know of no authority which enables a court to breathe life back into such a dead list.
Furthermore, while this court certainly has authority to annul invalid appointments made contrary to civil service rules, a court cannot order a promoting authority to make appointments from an eligible list. The decision as to whether and when to make promotions is solely for the appointing authority. Blake v. Giarrusso, La.App., 263 So.2d 392 (1972). It is of course arguable that the principle which prohibits courts from ordering promotions is inapplicable in a case such as this, that where the appointing authority has decided to make the promotions but has unlawfully selected the appointees, a court could order the promotions which the appointing authority already decided to make, but from a properly-ranked list of applicants. However, the answer may be that, given the duty to promote from the revised list without the veterans' preference points, the Superintendent of Police may have decided not to make promotions until a new list was compiled one month after the appointments at issue.
*44 Plaintiffs have also sought to have the promotions of those who benefitted illegally from the veterans' preference points declared null and void, but these individuals were not made parties to these proceedings. To adversely affect their rights under the circumstances would be an injustice and an infringement on their constitutional right to due process. We deem them to be indispensable parties and, pursuant to C.C.P. Art. 646, take notice of plaintiffs' failure to join them. While the case could be remanded to permit plaintiffs to join them and to afford them an opportunity to defend their positions, we have concluded that a simple dismissal of plaintiffs' suit without prejudice to bring a new suit against them will be a more orderly procedure. This is especially so since those indispensable parties may likewise wish to join as additional parties officers who were promoted from new lists provided after the subject list expired.
We are cognizant of the fact that our opinion seems harsh in that it does not afford plaintiffs an adequate remedy, but we are constrained to reach this result because, 1) we are powerless to revive the promotion list which expired over two years ago; 2) we do not have the authority to compel the Superintendent of Police to make appointments when this decision is within his discretion; 3) the Civil Service Commission in good faith advocated a position that the new Constitution could not interfere with rights which were vested in those on the list promulgated in accordance with the old Constitution, and their position was not judicially repudiated until some eight months after the list in question had expired; and 4) from the time of the effectiveness of the new Constitution on December 31, 1974, plaintiffs had ample time in which to take action to prevent the defendants from making the promotions they complain about on December 24, 1975. While it is true that the Superintendent was operating under an agreement until December, 1975, which he had made with others who had filed a suit against him in federal court to prevent him from making further promotions, this other suit involved issues which are not involved in the instant case, and plaintiffs were not parties to that federal case or the agreement with the Superintendent and had no right to rely on that arrangement in governing their own conduct.
The judgments appealed from are affirmed.
AFFIRMED.
STOULIG, Judge, dissents.
GULOTTA, Judge, dissents for reasons assigned by STOULIG, J.
STOULIG, Judge, dissenting.
I respectfully dissent.
The virtue of the majority result is that it does not create difficult administrative problems within the police department. However, convenience should yield when an appointing authority has acted illegally and in so doing has abrogated constitutional rights of the individual police officers concerned. Further the plaintiffs' petition for declaratory relief remains unanswered.
To the extent that men with lower test scores than those of plaintiffs were promoted in December 1975 the promotions were contrary to law. When the 1974 Constitution became effective, the list should have been revised to rank all those seeking advancement by actual score and to eliminate the veterans bonus. Those with the threepoint advantage authorized by the 1921 Constitution had a vested right to retain their position on the list only for a period of six months after it was originally compiled. Stated another way, the rankings of all men on the sergeant's promotion list of January 26, 1973 remained vested through July 26, 1973. See Rodriguez v. City Civil Serv. Com'n for Par. of N. O., 337 So.2d 308 (La.App. 4th Cir. 1976), for an excellent history of the veteran preference legislation and the effect of the recent amendment on the constitutional guarantees of individuals whose names appeared on these lists when the law was changed.
The Civil Service Commission argues that even if the promotions based on preference points were invalid, the Civil Service Commission *45 cannot order the 1975 promotions countermanded. It is urged this case is moot because the list expired January 26, 1976 and with it plaintiffs' claims as eligibles for promotion.
This result would permit the hiring authority to circumvent legal criteria established by statute in making promotions. It was within the discretion of the superintendent to let the January 1973 list expire as a matter of law without advancing any man to the rank of sergeant. Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir. 1972). However, when he elected to promote, he was required to act in accordance with law. The fact that the list expired approximately one month after the promotion should not deprive plaintiffs of their right under the law.[1]
R.S. 33:2416 establishes a system for promotion through examination and Civil Service Rules Section 5.1 effective since October 1975 provides "* * * eligibles shall be ranked in the order of their ratings earned in the examination given for the purpose of establishing this list." Under this statute the appointing authority may not pass over more than two eligibles on the list submitted by the director.
Accordingly I think the list used for the 1975 promotions should be revised with the veterans preference points subtracted and the eligibles should be ranked as required by Rule Section 5.1.[2] The plaintiffs who fall within the top 27 eligibles should be promoted to the rank of sergeant, replacing those who scored lower and only achieved promotion by virtue of the three-point veterans preference. My suggested ruling would place at issue rights of some appointees to retain their promotion to the grade of sergeant, none of whom have been made defendants in this proceeding but who are nonetheless indispensable parties within the contemplation of C.C.P. art. 641. Therefore I think the matter should have been remanded to permit plaintiffs to present evidence in support of their claims for promotion and to simultaneously join the indispensable parties as defendants and by so doing afford them the opportunity to urge whatever defenses are available to them.
I think we should have declared that those promotions of December 24, 1975 achieved only by virtue of including the three-point veterans preference factor illegal and then remanded this case to join all indispensable parties adjudicating which particular appointments are tainted with nullity.
NOTES
[1] Plaintiffs were unsuccessful in obtaining injunctive relief before the list expired on January 26, 1976. They alleged in their petition that the Superintendent of Police was required to notify plaintiffs before making promotions under a compromise agreement entered into on December 12, 1973 in a federal proceeding arising out of complaints about the sergeant's promotion list involved in this case. The trial judge refused to issue a temporary restraining order or injunction that would extend the life of the list and we know of no authority that would have permitted such action.
[2] The testimony of John Belson, Director of Personnel, Civil Service Department, indicates that the Commission changed its rules to delete the three veterans preference points prior to the appointments made by the Superintendent of Police on December 24, 1975.