Earl HARDOUIN, Jr. et al.

v.

CITY OF NEW ORLEANS, CIVIL SERVICE COMM. et al.

Civ. A. No. 79–2370.

United States District Court, E. D. Louisiana.

April 3, 1980.

Glenn Morgan, New Orleans, La., for plaintiffs.

Ralph D. Dwyer, Jr., New Orleans, La., for N. O. Civil Service Comm.

Michael A. Starks, Deputy City Atty., New Orleans, La., for City of New Orleans, et al.

CHARLES SCHWARTZ, Jr., District Judge.

This matter, having been continued from November 14, 1979, came on for hearing on motion of defendants to dismiss on February 6, 1980, and was taken under submission by the Court. Now, after careful consideration of the memoranda of the parties, the arguments of counsel, the record in this case, and the applicable law, the Court rules as follows:

The facts as set out herein are viewed in the light most favorable to the plaintiffs.

Plaintiffs are patrolmen with the New Orleans Police Department. In 1976, they were suspended from police duty as a result of their being indicted by the Orleans Parish Grand Jury. Plaintiffs immediately sought injunctive relief in this Court. In Civil Action # 76–3620(A), this Court ordered that the Police Department be enjoined from the continued suspension of the plaintiffs. In response to this order, the New Orleans Police Department reinstated both men with back pay. The remaining monetary claims were settled and the case was dismissed in November, 1979.

This related matter was filed in June 1979. Plaintiffs herein allege under 42 U.S.C. § 1983 a violation of their civil rights which the Court presumes are those guaranteed by the due process or equal protection clauses of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiffs maintain that the 1976 suspension, which this Court found unlawful, caused them to lose promotions to the rank of police sergeant.

At all times relevant hereto, the promotion process has been governed by the *Rules of the Civil Service Commission for the City of New Orleans.* Briefly, that procedure is as follows:

Police officers qualify for promotion to a higher rank by civil service examination. From the results, promotional lists are compiled ranking eligibles according to their examination scores. When a vacancy occurs the Superintendent of Police decides whether or not to fill it. If he is so interested, the director sends him the three top names from the promotional list and he can appoint any one of the three names. This is commonly known as the "rule of three."

Specifically, plaintiffs allege the Civil Service Commission advised them that they were ineligible to take the promotional examination being offered in December, 1976 because of their suspension from the police force. While the validity of that suspension was being questioned in this Court and a few days before the examination date, the Commission reversed that decision and allowed the plaintiffs to take the examination. Plaintiffs Hardouin and Canatella took the examination and were ranked 136th and 131st respectively on the resultant promotion list. Apparently their names were never reached due to their low scores. This promotional list was in use for the maximum term allowed by law of three years and it expired on January 20, 1980.

The gravamen of the complaint is that their poor performance on the exam was caused by their failure to receive certain study materials which were disseminated to other patrolmen while they were suspended.

Plaintiffs seek redress in being allowed to retake the test after being furnished with the proper study materials and in promotion of right in the event they should score above the level of any person promoted from the original list. They further ask that the promotion be retroactive to the date the person with the lesser score was promoted with all back pay and allowances accruing therefrom.

## THE TEST

Since the filing of this lawsuit, plaintiffs' prayer to be allowed to retake the test has become MOOT. The plaintiffs took the sergeant's promotional examination on December 2, 1979 which they admit is equivalent to the 1976 examination. Hardouin ranked 62nd, and Canatella, 13th.

## THE PROMOTION

■ Bearing in mind the stringent rule of the Supreme Court that a § 1983 claim is not to be dismissed unless it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), this Court is of the opinion that plaintiffs' second claim should be dismissed as it fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

*The Rules of the Civil Service Commission for the City of New Orleans as inter-*

preted by the Louisiana courts are controlling on the issue of the promotion. Under the *Rules*, there is no guarantee of promotion regardless of a person's position on the list. Under the "rule of three," the Superintendent of Police has the authority to pass over a person at the head of the eligible list. He has the additional authority, after he passes over a name three times, to request the Personnel Director to omit that name from any subsequent certification to the Superintendent from that list. Rule VI, Section 3.1–3.4, *Rules, supra.*

In a case factually similar to the one at bar, the court held:

> It is evident that this rule gives the Superintendent of Police, as the Appointing Authority, much discretion in choosing employees for promotion certified as eligible from a list. *It is not his mandatory duty to promote. Promotions do not take place automatically or as a matter of right such as where an employee is entitled to his salary. Sewell v. New Orleans Police Department,* 221 So.2d 621 (La. 4th Cir. 1969). (emphasis added) cert. den., 254 La. 459, 223 So.2d 869 (1969).[1]

Plaintiffs in seeking promotion of right seek a greater remedy than is permissible under the *Rules*. Promotion to police sergeant requires more than an adequate rank on the promotion list; it is a matter of discretion with the superintendent of police and it cannot be mandated for these plaintiffs. *Sewell, supra.*

### THE LIST

■ In addition, the promotion list from which the plaintiffs seek relief expired on January 20, 1980. It had been in effect for three years, the maximum period of time allowed by law. L.S.A. R.S. 33:2410; *Rodriguez v. City Civil Service Commission,* 337 So.2d 308; Rule V, Section 5.3, *Rules, supra.*

While this Court could ascertain a new position for the plaintiffs on the 1976 list

based on the recent test scores, we cannot revitalize an expired list. *Lechler v. City Civil Service Commission, etc.,* 357 So.2d 41 (La. 4th Cir. 1978). The court, there, was asked by sixteen policemen to redress an allegedly illegal failure to promote them to the rank of sergeant. They alleged that officers with lower scores on the exam were promoted in their stead because of a three-point veteran's preference made illegal by the new constitution. The policemen, as these plaintiffs, filed the suit shortly before the expiration of the questioned list. The suit was not tried until two years after the expiration of the list. The Louisiana Court of Appeals, affirming the dismissal of the suit, said:

> After the expiration of that list other lists were compiled . . . A maximum life span for a promotion list is an integral part of the merit system since it makes room for aspirants who are more qualified than those on an outdated list. *We know of no authority which enables a court to breathe life back into such a dead list. Supra,* at p. 43 (emphasis added).

Finally, in *Rodriguez, supra,* the Court held that no one has a vested right in the maintenance of a promotion list beyond the minimum statutory period of six months. The continued use of a specific list beyond that period up to the maximum three year period is entirely within the discretion of the Director of Personnel.

■ Although the Court previously found that the plaintiffs' suspension was unlawful, it did not cause or result, for the reasons and authorities hereinabove set out, in a loss of any rights of plaintiffs pursuant to Louisiana law.

Accordingly, the defendants' motion is hereby GRANTED, and the case is dismissed at plaintiffs' costs.

The Clerk of Court is directed to enter a judgment in accordance herewith.

1. See also *Blake v. Giarrusso,* 263 So.2d 392 (La. 4th Cir. 1972) where the Court followed the rule of *Sewell, supra,* and held that it is the Superintendent of Police under the Civil Service Rules who makes the decision to promote and that he has discretion in determining whether or not to fill vacancies as they occur.