ARMSTRONG, Judge.
The appellants are a number of New Orleans policemen. They appeal from a decision of the Civil Service Commission of New Orleans. The Commission dismissed as moot administrative claims that the appellants brought before the Commission seeking review of certain police promotion decisions. Those decisions resulted in the appellants not being promoted from sergeant to lieutenant. Because we find, under the applicable case-law, that the Commission was correct in holding the appellants’ administrative claims to be moot, we affirm the Commission’s decision.
On March 28, 1988, appellants took and passed the written portion of the examination for promotion to lieutenant. They then took the oral portion of the examination, referred to as the “assessment center”, administered by examiners from out-of-town or out-of-state. Originally, it was intended that the *1167 oral portion of the examination would be graded using a system known as the Behavioral-Anchored Rating Scales or “BARS”. However, apparently after the oral portion of the examination was administered, it was decided that it would be graded using a “behavioral check list method” rather than BARS. A lieutenants’ promotion list then was created which ranked the applicants according to their scores on the examination (Apparently some applicants failed altogether to qualify for promotion but the appellants were not among them).
|2The appellants contend that the shift from BARS to another system for grading the oral portion of the examination “prejudiced the appellants by lowering their relative rank on the promotion list for lieutenant.” Obviously, the appellants’ argument is that they would have scored higher on the oral portion of the examination if it had been graded using BARS.
Initially, the appellants filed suit in Civil District Court seeking an order that the lieutenant promotion list ranking be done using BARS to grade the oral portion of the examination (the appellants also sought to have certain records preserved). The appellants did not seek a temporary restraining order, preliminary injunction, or permanent injunction to prevent promotions based on the lieutenant promotion list at issue. Also, pursuant to Rule V, section 5.2 of the Commission’s rules, the lieutenant’s promotion list expired in three years (the Commission has discretion to extend that period for up to two additional years but extended it only for six months) and the appellants did not seek any type of injunction to keep the lieutenant’s promotion list at issue in force for more than three years.
After some proceedings in Civil District Court, the Commission filed an exception of lack of subject matter jurisdiction in Civil District Court. That court maintained the exception and referred the matter to the Commission for adjudication. The appellants appealed that ruling of the Civil District Court to this court and this court affirmed. Williams v. Civil Service Commission of the City of New Orleans, 613 So.2d 733 (La.App. 4th Cir.), writ denied, 616 So.2d 685 (La.1993).
Following this court’s ruling in Williams, the plaintiffs did make an administrative claim with the Commission. But, this claim was not made until mid-February 1993 and it was not resolved as of March 31, 1993, when the lieutenant’s promotion list at issue expired. There is no indication in the record that the appellants requested the Commission to decide their administrative claim before the expiration of the lieutenant’s promotion list at issue or to extend the period in force of that list. Nor did the appellants seek a court injunction to insure that the lieutenant’s promotion list at issue would not expire before the Commission’s resolution of their administrative claim. The Commission’s brief quotes the appellants’ claim letter to the Commission as seeking a “delay assigning a hearing date until late May” although the letter itself is not in the record.
lain any event, after the March 31, 1993, expiration of the lieutenant’s promotion list at issue, the Department of Personnel of the City of New Orleans (which was the respondent in the administrative proceedings before the Commission) filed a motion to dismiss as moot. The Commission granted that motion. The Commission’s decision included the statement: “If the examination did contain any errors in the method of scoring as alleged by appellants, but denied by the Department, there is no longer any remedy to be afforded inasmuch as the said promotion list has expired.”
Closely on point is this court’s previous decision in Lechler v. Civil Service Commission for the Parish of Orleans, 357 So.2d 41 (La.App. 4th Cir.), writ denied, 359 So.2d 207 (La.1970). In that case, a number of New Orleans policemen complained of their not having been promoted to the rank of sergeant due to an illegally ranked promotion list. However, by the time their case was tried, the illegal promotion list had expired and, because there no longer was any remedy that could be given, this court upheld dismissals of the policemen’s cases.
In the case of Rodriguez v. City Civil Service Commission, 337 So.2d 308 (La. App. 4th Cir.1976), we held that the consti *1168 tutional change effected in 1974 took away the veterans’ preference points afforded for promotion purposes under the previous Constitution in a case involving promotion from Lieutenant to Captain. Thus, to the extent that men with lower test scores than plaintiffs’ were promoted in December, 1975, such action was contrary to the new Constitution, as we interpreted it in the Rodriguez decision in August, 1976.
Furthermore, the Civil Service Commission revised its rules in 1975 before the promotions in question were made so as to discard from the pertinent section the provisions for veterans’ preference points. From this plaintiffs argue that the list for the 1975 promotions should have been revised with the veterans’ preference points subtracted and the eligible should have been reranked.
In the Rodriguez ease we were able to provide an adequate remedy to the plaintiffs because the promotion list involved was still alive when the case was considered. But in the instant case the promotion list originally dated January 26, 1973, was scheduled to expire on January 26, 1976, with no possibility of extension thereafter. Although our plaintiffs brought their first suit on January 21, 1976, the case was not tried until February, 1977, long after the list expired. After the expiration of that list, other lists were compiled from which additional promotions were made. A maximum life span for a promotional list is an integral part of the merit system since it makes room for aspirants who are more qualified than those on|4an outdated list. We know of no authority which enables a court to breathe life back into such a dead list.
357 So.2d at 43. The appellants attempt to distinguish Lechler but, what the appellants ultimately claim to have been damaged by is their lower ranking on the promotion list and, as that list has expired, there simply is nothing that can be done, so the appellants’ claims are moot.
There was nothing irregular about the expiration of the lieutenant’s promotion list at issue prior to the resolution of the merits of the plaintiffs’ claims. The Commission’s rules provide that such promotion lists will expire and the Commission’s rules have the force of law. Casse v. Department of Health and Hospitals, 597 So.2d 547, 550 (La.App. 1st Cir.1992).
The appellee answered the appeal and sought sanctions for a frivolous appeal. We do not believe that sanctions are warranted so the request for sanctions is denied.
For the foregoing reasons, the decision of the Commission, dismissing the appellants’ administrative claims as moot, is affirmed.