BARRY, Judge.
| lEighteen appellants .challenge the written March 26, 1988 New Orleans Police Department Lieutenant’s exam, but do not pray for a specific remedy. The Civil Service commission rejected their claim.
On the last day to file an appeal appellants failed to appeal. Instead they wrote a letter to the Civil Service Department to request a thirty day extension to file the appeal. Appellants did not properly file their appeal of the Commission’s decision. However, a panel of this Court denied the Commission’s “motion to dismiss for failure to perfect appeal and for mootness and motion to consolidate.”
Three hundred four (304) applicants took the written exam which consisted of 88 multiple choice questions. The written exam comprised thirty percent (30%) of the score; the assessment was seventy percent (70%) of the score. After the exam but before the results were tabulated, seven questions were deleted prior to setting the passing score. One question was double keyed (two answers were accepted as correct). Sergeants Molligan (stipulated hthat his general testimony would reflect that of all the plaintiffs), Gates, Trum-bach, Sorapuru and Noble testified that the instructions were confusing, some of their answers to the seven questions were correct and deleting the seven questions caused them not to pass.
Dr. Elbert Hoffman, appellants’ expert on statistics, testified that the scores were not significantly different whether the subgroup of seven questions or all of the questions were considered.
Richard Carter, the Civil Service Department’s psychometrician, an expert in industrial organizational psychology, testified that standard procedures were used to prepare the exam. NOPD Captains and Lieutenants were consulted about the necessary skills to do their jobs. Seventy percent (70%) of the written exam covered the skills and abilities necessary to be a lieutenant and thirty percent (30%) represented knowledge areas. The 200 questions (of which 88 were on the exam) were reviewed by NOPD Captains and Lieutenants for relevancy. They were reviewed by four or five in-house psyehometri-cians and outside consultants Dr. Jefferson Salzer and Dr. James Ouetz.
According to Carter, the applicants had a time period to protest questions. A seventy-five percent (75%) score was achieved by 195 of the 304 applicants. Forty or fifty applicants filed protests; almost every question was contested. A question with no answer was deleted. A sentence with a comma in *682 the wrong place foreclosed a correct answer. Seven questions which contained errors were deleted from every exam before the passing score was determined. The decision as to who passed was made after a statistical analysis in conformity with the Uniform Guidelines and the Standard Procedure of ^Industrial Psychologists. Names were not identified with the exams. The cut-off score was established by statistics on the distribution of the exam. The psychometricians looked at the mean and standard deviation. They set the cut-off score at one-half a standard deviation below the mean. The cut-off score was based on the number of vacancies over the next three years and the number of personnel who would likely be promoted off the eligibility list. The exam was content valid and met with the standards of the Uniform Guidelines and principles of the American Psychological Association.
The hearing examiner concluded that the exam was properly developed and scored. The Commission noted that the seven questions were eliminated before the passing score was set. The Commission concluded that the content of the test and its scoring were proper.
Appellants argue that the Civil Service Commission’s decision to change the passing level was arbitrary and capricious. A decision cannot be considered arbitrary unless it was made without reasons or reference to relevant considerations. Graffeo v. City of New Orleans, 351 So.2d 1311 (La.App. 4th Cir.1977). A conclusion is capricious if it is contrary to substantiated competent evidence. Lake Terrace Property Owners Association v. City of New Orleans, 567 So.2d 69 (La.1990).
Appellants attempt to distinguish Graffeo; however, Civil Service carefully considered the seven questions and determined that each was manifestly erroneous and should be deleted. The passing score of 61, one-half of the standard deviation below the mean, was decided after careful consideration of the number of anticipated vacancies for Lieutenant over the |4next three years plus the supernumerary positions. Those considerations are similar to Graffeo, where the procedure was held not arbitrary.
Assuming, arguendo, that appellants’ claims have merit, there is no present remedy. See Scott v. Department of Civil Service, 637 So.2d 1166 (La.App. 4th Cir.1994); Lechler v. Civil Service Commission for the Parish of Orleans, 357 So.2d 41 (La.App. 4th Cir.1978), writ denied, 359 So.2d 207 (La.1978). Appellants did not pray for a remedy.
The decision is affirmed.

AFFIRMED.