LANDRIEU, Judge.
At issue is the jurisdiction over a dispute concerning the grading of a promotional examination for a position with the New Orleans Police Department. We find that the trial court properly maintained the exception of lack of subject matter jurisdiction and referred the matter to the Civil Service Commission of the City of New Orleans for adjudication.
FACTS AND PROCEDURE:
On or about January 21, 1988, the Civil Service Commission of the City of New Orleans gave notice that a promotional examination, consisting of two (2) parts, would be administered by the Department of Civil Service for the rank of lieutenant within the New Orleans Police Department. To prepare for the exam, the applicants were given a Study Guide and study sessions were conducted. They were informed of the subject areas to be tested and the relative weight distribution for each dimension.
All plaintiffs/appellants were employed as sergeants with the New Orleans Department of Police and were among the three hundred four (304) applicants who sat for the written portion of the police lieutenant’s examination administered on March 28, 1988. After the deletion of seven protested questions and without any other adjustment, one group of these petitioners, who had answered the disputed questions properly, failed to reach the cut off score of sixty-one of eighty-one correct answers or approximately seventy-five per cent. The remainder of the plaintiffs, however, each participated in the second portion of the examination, known as the assessment center, which consisted of an oral evaluation. Although one method of grading, the Behavioral Anchored Rating Scales (BARS), allegedly had been chosen for ranking the candidates in the second phase of the exam, the behavioral check list method was actually employed on this occasion. According to counsel for the plaintiffs in oral argument, a subjective test was thereby converted into an objective test.
Claiming either that the grading of the written exam or that the change in rating method for the oral exam as well as the absence of an adequate review system[1] to protest the results of the exam violated their equal protection and due process rights, plaintiffs sought a declaratory judgment decreeing that the results of the written examination be declared void and that BARS be utilized to calculate the 1988 ranking from the oral exam. The defendant, Civil Service Commission of New Orleans, filed an exception of lack of subject matter jurisdiction. After a hearing, the trial judge maintained the exception and referred the matter to the Civil Service *735 Commission of the City of New Orleans for adjudication.
DISCUSSION:
Civil Service for the State and for any city with a population in excess of four hundred thousand (400,000) was established in the Louisiana Constitution of 1974 at Article X, § 1. Pursuant to § 4 and § 6, a City Civil Service Commission of five members was authorized as well as a Department of City Civil Service within the executive branch of government. The commission is vested with broad and general rule-making and subpoena powers for administration and regulation by § 10. Included is the power to adopt rules for employment and promotion. In addition, the city commission has exclusive power and authority to hear and decide all removal and disciplinary cases. La. Const, art. X, § 12.
Although Article X, § 12 provides that the city commission shall have exclusive power and authority to hear and decide all removal and disciplinary cases, that exclusive jurisdiction is not specifically granted to the commission in those areas where it has exercised its rule-making power under § 10. However, in order to provide for an orderly resolution of employer-employee related disputes and to avoid forum shopping between the State Civil Service Commission and the courts, the First Circuit concluded that § 10 “evidences an inten[t] to grant exclusive jurisdiction to the Commission” in rule-making as well as disciplinary matters. Strickland v. Office of the Governor, et al., 525 So.2d 740, 743 (La.App. 1st Cir.1988). We find that the same reasoning applies to the City Civil Service Commission, which has power and authority that is parallel to that of the State Civil Service Commission.
Nevertheless, the Commission cannot be called upon to judge the constitutionality or equity of its own rules. That restriction on the Commission’s jurisdiction does not apply, however, when an employee complains that the implementation of a rule is discriminatory. Easley v. Dept. of State Civil Service, et al., 572 So.2d 1101, 1104 (La.App. 1st Cir.1990).
At issue then is a characterization of the plaintiffs’/appellants’ claims. Assuming that the complaints regarding the scoring of the promotional exam can be considered a denial of constitutional rights, they allegedly result from discriminatory application or implementation of the promotional scheme by the Department of Civil Service rather than from the mechanics of the scheme itself.
Accordingly, the Civil Service Commission has the exclusive jurisdiction to hear the complaint, despite the fact that the employees have raised constitutional claims as to the implementation of the promotional scheme. The judgment of the trial court is affirmed.
AFFIRMED.

. Despite their complaints about the system of review, plaintiffs/appellants note in brief that they have reviewed the correct answers to the exam questions and have met with agents or employees of the Commission to express their concerns. The problem may be more accurately described by the further statement that they "were granted no relief as a result of taking these steps.”