1JONES, Judge.
New Orleans Firefighters Association, as collective bargaining agent for its meiliber, Nicholas Felton, and others similarly situated filed this class action alleging that the defendants, City of New Orleans, the Civil Service Commission of the City of New Orleans, and its director, J. Michael Doyle have maintained and administered work practices affecting members of the Class which require class members to work out of classification, but not at a rate of pay commensurate with the duties performed. More specifically, the plaintiffs complain that pursuant to the application of Rule III, Section 4.1 of the New Orleans Civil Service Commission Rules a prevalent departmental practice exists which requires a lower classified firefighter to periodically perform the job of a higher classified captain in an acting capacity. This practice, *1101 according to the defendants violates the provisions of La.R.S. 33:1969, which provides that equal recognition and compensation shall be received for equal performance of duty and responsibility.
In response to the plaintiffs’ petition, the City of New Orleans filed an exception of no cause of action. Additionally, exceptions of Lack of Subject |2Matter Jurisdiction were filed by the City of New Orleans and the New Orleans Civil Service Commission, J. Michael Doyle, as personnel director of the City of New Orleans. The trial court denied the exceptions. The Civil Service Commission seeks supervisory review of the trial court’s ruling denying its exception of lack of subject matter jurisdiction.[1]
In its exception, the Commission argued that the district court had no jurisdiction to hear this matter. We agree.
La. Const. Art. 10 provides for the establishment of the state and city civil service systems and for the establishment of civil service commissions. Section 10 of that article provides:
Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established....
In accordance with this authority, the New Orleans Civil Service Commission has promulgated various rules relative to the wages and hours of classified employees. Included in the rules promulgated by the Commission is Rule III, Section 4.1, the rule which the plaintiffs allege is being applied in a discriminatory manner.
laThe issue of jurisdiction was addressed in Thoreson v. State Dept. of Civil Service, 396 So.2d 367 (La.App. 1st Cir.1981), appeal after remand, 433 So.2d 184 (La.App. 1st Cir.1983), writ den., 440 So.2d 726 and 727 (La.1983). In Thomson, the First Circuit dealt with a case in which the State Department of Civil Service attempted to equalize the pay plan of Engineering Specialists Class II and Class III. The plan was only partially implemented due to budget constraints. In the process, some specialists could advance in step beyond those with more seniority. The aggrieved specialists petitioned the Civil Service Commission to investigate the matter, to order immediate step increases for those employees who had lost ranking in the implementation of the pay plan, and to revise its rules. The Civil Service Commission dismissed the plaintiffs’ petition because it believed it was without jurisdiction to entertain the request or grant the relief sought. The court held that the Commission had jurisdiction over its own rule-making and remanded the ease to the Commission for consideration of the plaintiffs’ claim, leaving to it the discretion over whether or not to modify the plan. On remand, the Commission denied the employees relief and they appealed. The First Circuit held, among other issues, that the plaintiffs’ complaints challenging the manner in which the uniform pay plan was applied to their classification in the Civil Service System fell within the judicial power of the Civil Service Commission by virtue of the rule which provides that “appeal may be made to the Commission by any person who alleges he has been discriminated against by the application of a pay plan or any change thereof,” and further, that the Court of Appeal was empowered with full appellate jurisdiction to entertain an appeal from the Commission.
The issue of jurisdiction was also addressed by this court in Williams v. Civil Service Com’n of City of New Orleans, 613 So.2d 733 (La.App. 4th Cir.), writ den., 616 So.2d 685 (La.1993). In Williams, id., this *1102 court recognized that 14Article 10, Section 12 provides that, although the Civil Service Commission shall have exclusive power and authority in both rule-making and disciplinary matters, it cannot be called upon to judge the constitutionality, of its own rules. However, this court stated that restriction on the Commission’s 'jurisdiction does not apply when an employee complains that the implementation of a rule is discriminatory.
In the instant case, plaintiffs allege that Rule III, Section 4.1 is not facially or opera-tively consistent with La.R.S. 33:1969, thus the Rule is violative of the mandate contained in that preemptive statute. This allegation, if read in isolation from the rule or the remaining allegations of the petition, could arguably lead one to believe that the plaintiffs are challenging the constitutionality of Rule III, Section 4.1. However, a review of the rule, and a review of the other allegations of the plaintiffs petition reveals that this is not the case. Rule III, Section 4.1, which is entitled “TEMPORARY WORK IN A HIGHER CLASSIFICATION” provides in relevant part as follows:
Subject to the approval of the Director, whenever a regular employee occupying a position in a non-exempt classification is required by the appointing authority to temporarily perform, on a full-time basis, duties in a vacant full-time position of another classification having a higher (sic) pay grade, the employee shall be entitled to receive additional compensation subject to the following conditions....
Included among the conditions for paying additional compensation are requirements that 1) the position to which the employee is assigned must be a budgeted vacancy in which there is no incumbent in official pay status; 2) the employee must have completed five full working days in the budgeted vacancy within a class before eligibility for payment can commence; and 3) the rate of pay for work performed in a higher classification shall be the minimum monthly rate for the classification, except for certain cases where the employee’s regular monthly salary, exclusive of longevity is at or above the|fiminimum for the higher classification, or where increasing the employee’s salary to the minimum of the higher class would result in an increase of less than 5%. In those cases a pay increase of 5% shall be authorized for the eligible time spent in the higher class.
This rule contains no language directly contradicting the provisions of La.R.S. 33:1969. Rather the rule simply states that certain employees temporarily performing duties in a vacant full-time position of another classification having a higher pay grade will be entitled to receive additional compensation subject to certain conditions. Thus, it is obvious that the plaintiffs in this case, like the plaintiffs in Williams, are not complaining about the rule itself, but rather its implementation. Accordingly, the Commission has exclusive jurisdiction over this complaint.
Additionally, we find no merit in the plaintiffs’ contention that the holding in New Orleans Firefighters Ass’n v. Civil Service Com’n of City of New Orleans, 422 So.2d 402 (La.1982), supports a finding that the mandate for equal recognition and compensation found in La.R.S. 33:1969 preempts the provisions of Rule III, Section 4.1 because this case involves minimum wages or working conditions of firefighters and these issues are properly subject to legislative control. Plaintiffs’ reliance on New Orleans Firefighters, id. is misplaced. In that case the court held that La.R.S. 33:1991 et seq., which represents Subpart B of Chapter 4 of Title 33 and which similarly relates to other facets of firefighter pay and benefits, was applicable to the City of New Orleans and not preempted by contrary Commission rulemaking. It also held that Subpart B-l, La.R.S. 33:2001 et seq., which relates to supplemental firefighter pay, was likewise enforceable. The Court reasoned that Article VI, Section 14 of the 1974 Constitution excepted all laws “providing for civil | «service, minimum wages, working conditions and retirement benefits for firemen ...” from Commission preemption.[2]
*1103 The statute relied upon by the petitioners, La.R.S. 33:1969 does not form part of the subpart of the statute governing or setting out certain minimum wages and maximum hours, which are now subject to the Fair Labor Standards Act (FLSA). See Sanchez v. City of New Orleans, 538 So.2d 709 (La.App. 4th Cir.1989), writ den., 542 So.2d 1390 (La.1989). Rather, La.R.S. 33:1969 is found in Subpart A entitled “Organization,” not in Subpart B entitled “Minimum Wages and Maximum Hours.”
In the instant case, relator notes that “the wages paid to every class of firefighter, be it fireman, operator, chief, etc., are far in excess of those specified in the minimum wage statute, La.R.S. 33:1992, together with the supplemental pay called for in La.R.S. 33:2001, and said wages will continue to be paid as per the uniform pay plan of the Commission and in accordance with the Fair Labor Standards Act.” Thus, this is not a case involving minimum wages.
Nor do we agree with the plaintiffs’ contention that the issue complained of relates to “working conditions,” and is thus excepted from the Commission’s exclusive jurisdiction under the holding in New Orleans Firefighters Ass’n, supra. References to “working conditions” are generally interpreted as being related to sanitation, ventilation and other physical conditions of the workplace, as distinguished from a fireman working at a different position in the same or a similar station house.
Accordingly, the plaintiffs’ complaint is hereby transferred to the Civil Service Commission, which has exclusive jurisdiction. If the plaintiffs are unsuccessful in that forum, they may then appeal to this court for a review of that ruling.

WRIT GRANTED; JUDGMENT REVERSED.

. Although The City filed a memorandum in support of the Commission's application for supervisory writs, the City did not seek review of the trial court's decision.

. Article 6, Section 14(A) provides that no law, rule or state executive order requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political *1103 subdivision, unless the legislature appropriates funds for the purpose. Article 6, Section 14(B) lists those laws for which the above section is inapplicable. Among the exceptions is item (5), "A law providing for civil service, minimum wages, hours, working conditions, and pension and retirement benefits, or vacation or sick leave benefits for firemen and municipal policemen.”