liLOBRANO, Judge.
This appeal arises from a judgment in favor of defendant-appellee, the Civil Service Commission of the City of New Orleans and against plaintiff-appellant, Daniel Schott, et al, maintaining the Commission’s Peremptory Exception of Lack of Subject Matter Jurisdiction. The issue to be decided is whether plaintiffs’ claims are within the exclusive jurisdiction of the Civil Service Commission.

FACTS AND PROCEDURAL HISTORY:

On July 22, 1981, plaintiffs filed a class action suit for damages and declaratory relief alleging that they and others constituting a class of one hundred and ninety (190) compensated New Orleans police officers accumulated and/or were entitled to be compensated for compensatory time earned in accordance with policies enacted by the New Orleans Police Department. Plaintiffs alleged that the City’s continued refusal to pay or compensate plaintiffs constitutes a denial of their property without due process of law in violation of Article XIV of the United States Constitution and Article I, Section 2 of the Louisiana Constitution.
On June 2,1983, with leave of court, plaintiffs added the Civil Service Commission of the- City of New Orleans and its then director, John Belsom, as defendants.
On May 24, 1989, plaintiffs filed a second supplemental and amending class action petition adding J. Michael Doyle, current director of the City Civil Service. In addition, plaintiffs added all city employees, classified and unclassified, past and present who accumulated compensatory time, as members of the class.
|2On May 30, 1990, the Commission and J. Michael Doyle, filed a declinatory exception to jurisdiction over the subject matter.
On June 5, 1990, plaintiffs filed a fourth supplemental and amending petition adding another named plaintiff. In addition, plaintiffs added broad allegations that the Commission attempted to violate their constitutional rights by enacting rules, regulations and policies that purported to limit or eliminate the compensatory time previously earned.
Following memoranda and oral argument from both sides, the trial court maintained defendants’ exception of lack of subject matter jurisdiction and remanded the matter to the Civil Service Commission for adjudication. From this judgment, plaintiffs appeal.
Plaintiffs argue that they are attacking the implementation of Civil Service Rules which deprives them of a vested property right, compensatory time. As such, they assert that the Commission cannot be called upon to judge the constitutionally or equity of its own rules.
In Williams v. Civil Service Commission, 613 So.2d 733 (La.App. 4th Cir.1993), writ denied 616 So.2d 685 (La.1993), we recognized the Civil Service’s exclusive jurisdiction with respect to removal and disciplinary cases, as well as rule-making power. We acknowledged that:
“Nevertheless, the Commission cannot be called upon to judge the constitutionality or equity of its own rules. That restriction on the Commission’s jurisdiction does not apply, however, when an employee complains that the implementation of a rule is discriminatory.” Id. at 735.
Thus, the issue before us is the characterization of plaintiffs’ claims.
In their original petition plaintiffs assert:
1) the plaintiff class has accumulated and/or are entitled to be compensated for compensatory time earned in accordance with policies enacted by the City of New Orleans;
2) that the compensatory time earned is a vested contractual property right and;
3) that the city has refused to pay the compensatory time in violation of plaintiffs due process rights.
*827 In their second supplemental and amending petition, plaintiffs alleged:
_Jj4) that the city refused to recognize New Orleans Civil Service Rules regarding compensatory time after April 28, 1980 and refused to allow plaintiffs to expend their accrued compensatory time after December 31, 1980 as allowed by Civil Service Rules adopted August 9, 1979 and amended April 19, 1988.
Following the filing of the commission’s declinatory exception of jurisdiction over the subject matter, plaintiffs, with leave of court, filed their Fourth Supplemental and amending petition asserting that the Commission, as well as the City, have attempted to violate their constitutional rights by enacting and implementing rules, regulations and policy decisions that purport to limit or eliminate the use of compensatory time that had previously been earned.
By adding the commission as party defendant and asserting vague claims of constitutional violations, plaintiffs attempt to circumvent the exclusive jurisdiction of the commission. No claims have been alleged that any specific rule or behavior by the commission violated plaintiffs’ constitutional rights. Vague and general allegations are not sufficient to remove jurisdiction to the district court. Specificity of constitutional allegations against the Commission is required. With respect to the Civil Service Commission, plaintiffs’ claims deal with the implementation of the Commission’s rule, not the illegality of the rule. The trial court’s ruling which maintains the Commission’s exception of subject matter jurisdiction is correct. The judgment of the trial court dismissing plaintiffs suit for want of subject matter jurisdiction is affirmed as to those plaintiffs employed in the classified service.
AFFIRMED.