SARTAIN, Judge.
Plaintiff, Mary Louise Bernard, brought this action before the Louisiana Civil Service Commission, alleging that she had been discriminated against on the basis of her sex and race. The Commission ruled that she had failed to sustain her burden of showing discrimination. Ms. Bernard thereupon timely perfected this appeal.
Plaintiff’s appellate brief is exclusively directed to the contention that she has been discriminated against within the meaning of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq. However, Title VII actions have been held to be a remedy entirely distinct from that afforded by state civil service appeals. Therefore, the federal cases on what constitutes Title VII discrimination cited by appellant are not authoritative in this action, although they might be considered persuasive in construing the meaning of discrimination under our Constitution and civil service rules. Brown v. L.H.H.R.A., 346 So.2d 758 (La.App. 1st Cir. 1977). In any event, plaintiff cannot rely on Title VII until she has first filed a charge with the Equal Employment Opportunity Commission and given it the opportunity to attempt to obtain voluntary compliance with the statute. Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir. 1967), cert. denied 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968). Ms. Bernard has not filed such a charge.
Under Louisiana law in a proceeding before the Civil Service Commission the employee has the burden of proving discrimination. La.Const. (1974) Art. 10, § 8(B). On appeal plaintiff, a black female, alleges discrimination on the basis of sex, race and the fact that she had taken several prior appeals to the Commission.
The facts show that Ms. Bernard is a Custodial Worker II at Southwest Charity Hospital in Lafayette, Louisiana. She has worked at the hospital for over twenty-five years and has consistently received merit pay raises.
In May of 1975, Ms. Viola Blanchard retired from her position of Custodial Supervisor I with the hospital. The vacant position was reallocated to Housekeeper I. Ms. Bernard, desiring to be promoted to replace Ms. Blanchard, submitted an application to the personnel officer at the hospital in May of 1976. This application, which mistakenly designated the position desired as Housekeeper Supervisor, a non-existent position, was not forwarded to the Department of Civil Service until September. The application was rejected and returned to Ms. Bernard, apparently because of the improper job designation.
On November 8, 1976, plaintiff submitted an application for Housekeeper I. The Department of Civil Service found that she was unqualified for this position. Thereupon, on November 16, 1976, Earl Cormier, a Clerk III in the hospital, received his requested demotion and was assigned the position of Housekeeper I. The position of Housekeeper I requires “High school graduation plus one year of paid experience above the routine custodial worker level in the care, cleaning, and servicing of living quarters or wards or other equally responsible work, in a hotel, hospital, institution or related facility.” It is undisputed that Ms. Bernard has not had any experience above “the routine custodial worker level.” She, however, argues that Mr. Cormier has also not had such experience and that, therefore, this requirement is not an absolute prerequisite for the position. Mr. Cormier had had no experience in custodial work as either a worker or as a supervisor. But his work as a Clerk III, in which he had had supervisory responsibility in the absence of his immediate supervisor, was found by the ■Department of Civil Service to fall within the permitted substitution for “other equally responsible work.” Plaintiff offered no *655 evidence to show that Clerk III is not equal in responsibility to Custodial Supervisor I. We therefore feel constrained not to disturb the finding of the Department that Earl Cormier was qualified for this position.
Plaintiff asserts that she would have had the requisite experience but for past discrimination. Her only evidence in this regard was a showing that there were no black females in the hospital in supervisory positions. Although in Title VII cases statistical evidence such as this may be sufficient to establish a prima facie case of employment discrimination, U. S. v. United States Steel Corp., 520 F.2d 1043 (5th Cir. 1975), we do not believe that such evidence is sufficient to meet the plaintiff’s burden of proof under Louisiana law.
We find that the reallocation of the vacant position from Custodial Supervisor I (for which plaintiff was certainly qualified) to Housekeeper I was not done for any impermissible reasons. It was done so that a supervisor could be prepared in staff to move up to the position of Housekeeper II which was soon to become vacant by retirement. We agree with the finding of the Commission that the reallocation was not done in an attempt to prevent plaintiff from obtaining the position. Ms. Bernard asserts that the fact that her first application was not forwarded for four months and that she was not counseled by the personnel officer as to the correct job description showed discrimination. The personnel officer testified that she did not alert Ms. Bernard to the mistake on Ms. Bernard’s application because she was confused as to the job for which plaintiff was applying. We do not feel that these actions constitute discrimination. However, even had Ms. Bernard been counseled as to the correct job designation and her application forwarded more quickly, she still would have been unqualified for the position.
We have likewise failed to find any evidence that Ms. Bernard’s prior appeals had any effect upon her failing to secure the desired promotion.
We therefore agree with the Commission’s determination that plaintiff has failed to prove discrimination. Ms. Bernard is not entitled to be promoted to the position of Housekeeper I because she is unqualified for that position.
The judgment below is affirmed at appellant’s cost.
AFFIRMED.