618 So.2d 1002 (1993)
Earl LAWSON, Jr.
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HOSPITALS (DHH), CENTRAL LOUISIANA STATE HOSPITAL.
No. 92 CA 0555.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
Daniel E. Broussard, Jr., Alexandria, for Earl Lawson, Jr., appellant.
*1003 E. Michael Harrison, Dept. of Health and Hospitals, Baton Rouge, for Department of Health and Hospitals, appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Earl Lawson, Jr., appellant, was employed by the Louisiana Department of Health and Hospitals (DHH) at Central Louisiana State Hospital and was serving with permanent status as a DHH Police Lieutenant when a position for Police Chief at the hospital became open in October of 1990. Although he was considered by the hospital's committee that interviewed candidates for the position, Mr. Lawson did not receive the promotion to Police Chief. Thereafter he appealed to the State Civil Service Commission (Commission), and he was granted a hearing before a civil service referee. On his appeal to the Commission, and again to this court, Mr. Lawson complained that he was denied the promotion and not selected to fill the vacancy as DHH Police Chief at the hospital solely because of his race.
On appeal to the Civil Service Commission Mr. Lawson argued that the denial was a violation by DHH of La. Const. Art. I, Sec. 3[1] and § 12[2], La. Const. Art. 10, § 8(B)[3], and Civil Service Rule 14.1(a)[4]. As relief, Mr. Lawson sought to have the position of DHH Police Chief vacated, to have the application process reopened, and to have the position filled in accordance with the Affirmative Action Plan for the hospital and the civil service rules. The Commission concluded that appellant failed to bear his burden of proving that the denial of promotion to Police Chief was based on prohibited discrimination or violations of civil service rules. We agree. We find no merit in Mr. Lawson's argument that the civil service appeals referee failed to enforce Civil Service Rule 3.1(r).[5]
Mr. Lawson served as coordinator for the security department of the Central Louisiana State Hospital (CLSH) for six months during the illness of the previous Police Chief. When applications for the vacancy were accepted, Mr. Lawson ranked first on the promotional certificate of eligibles[6] issued by the Department of State Civil Service and third on the probational certificate.[7]
*1004 Insisting that he was discriminated against, appellant points to the fact that two of the top three eligibles on the probational certificate were black, but that the Caucasian, Samuel J. Mayeux, Jr., was selected. Mr. Mayeux was second on the probational certificate, and he had a score of 86, one point higher than Mr. Lawson's score. The civil service referee found for a fact that no evidence was presented that Mr. Mayeux was not qualified for the position.
Mr. Lawson also notes that he was interviewed by a five-member, all-white committee appointed by the hospital's associate administrator and that the committee was not referred to the hospital's Affirmative Action Plan. It is undisputed that in the hospital's Affirmative Action Plan, the position of DHH Police Chief falls within Group 4-A, a specialty staff consisting of one black male, one white female, and nine white males; the group bears the label: "underutilization of minority employees."
Acknowledging that the Affirmative Action Plan was not considered, the Commission, through its referee, concluded that appellant presented no evidence that racial bias or prejudice affected the results of the selection process for Police Chief. The referee pointed out that appellant neither alleged nor proved that the questions asked during the interview were designed to disadvantage a minority applicant such as himself, nor that any member of the selection committee exhibited a predisposition against him either before, during, or after the interview.

LEGAL PRINCIPLES
It is well established that under La. Const. Art. 10, § 12, decisions of the Civil Service Commission are subject to review on appeal on both questions of law and fact. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La. App. 1st Cir.), writ denied, 399 So.2d 602 (La.1981), citing Brown v. L.H.H.R.A., Lake Charles Mental Health Center, 346 So.2d 758 (La.App. 1st Cir.1977). The reviewing court must give great weight to the findings of fact of the civil service referee. See Sanders, supra. Considering that under Louisiana law, in a proceeding before the Civil Service Commission, the employee has the burden of proving discrimination, (La. Const. Art. 10, § 8(B)); Bernard v. L.H.H.R.A.-Southwest Charity Hospital of Lafayette, 358 So.2d 653 (La.App. 1st Cir.1978), we conclude that the record fails to reveal any manifest error on the part of the referee in finding that Mr. Lawson failed to prove he was discriminated against.
Promotions do not take place automatically or as a matter of right. Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir.), writ denied, 262 La. 1154, 266 So.2d 442 (1972). The appointing authority has much discretion in choosing employees properly certified as eligible, and the appointing authority may pass over a name on the eligible list. Blake v. Giarrusso, supra; Sewell v. New Orleans Police Dept., 221 So.2d 621 (La.App. 4th Cir.), writ denied, 254 La. 459, 223 So.2d 869 (1969).
The mere fact that there are few or no females or minority persons in supervisory positions does not constitute proof of sexual or racial discrimination. Dauser v. Department of Public Utilities, 428 So.2d 1176 (La.App. 5th Cir.1983). This court previously has pointed out that statistical evidence, such as the number of minorities in certain positions, is proper evidence for cases brought pursuant to Title VII of the United States Code, but such evidence is not sufficient to meet an employee's burden of proof of discrimination under Louisiana law. Bernard v. L.H.H.R.A.-Southwest Charity Hospital of Lafayette, supra. Title VII actions provide a remedy entirely distinct from that afforded by state civil service appeals. A plaintiff who wishes to rely on Title VII must first file a charge with the Equal Employment Opportunity Commission and give that body a chance to attempt to obtain voluntary compliance with the statute. (See federal authorities cited in Bernard, supra.)
Thus, in the instant case, Mr. Lawson's use of the statistical data of the hospital's *1005 Affirmative Action Plan as the major support for his charge of discrimination might be appropriate for a Title VII claim; however, raw data does not prove discrimination under the Louisiana Constitution and the civil service rules. Brown v. L.H.H.R.A., supra; Bernard v. L.H.H.R.A.-Southwest Charity Hospital of Lafayette, supra. Indeed, the relief requested by Mr. Lawsonthat the appointment of Police Chief be undone and that the underutilization of minorities in that department be consideredis prohibited by the very plan upon which he relies. The hospital's Affirmative Action Plan provides in pertinent part:
DHH/DSS [The Department of Health and Hospitals and the Department of Social Services] will take affirmative action to ensure that the following will be implemented at all levels of administration: 1. Recruit, hire, place, train and promote in all job classifications without regard to non-merit factors such as race, color, age, religion, sex, national origin, handicap or veteran status.... (Emphasis provided.)
Accordingly, we conclude the appointing authority made the appointment of Police Chief on the basis of race-neutral criteria, and we decline to disturb the decision.
Likewise, we find no merit in the appellant's argument that the appointing authority failed to consider his length of service (see La. Const. Art. 10, § 7[8]) when making its selection from the list of candidates. Appellant overlooks the fact that the constitution provides that length of service is one of the elements to be used by the appropriate civil service department in compiling the certificates of eligibility. There is nothing in the record to indicate that appellant's length of service was not used in calculating his "score" for purposes of the eligibility certificates. The appointing authority's discretion in making the appointment[9] is not limited by the constitutional provision because length of service has received proper consideration.
According, we affirm the decision of the Commission, and we cast appellant for costs of this appeal.
AFFIRMED.
NOTES
[1] La. Const. Art. I, § 3 provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
[2] La. Const. Art. I, § 12 provides:

In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition.
[3] La. Const. Art. 10, § 8(B) provides:

Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this part. The burden of proof on appeal, as to the facts, shall be on the employee.
[4] Civil Service Rule 14.1(a) provides:

No person shall be appointed or promoted to, or demoted, or dismissed from any position in the Classified Service, or in any way favored or discriminated against with respect to employment in the Classified Service, because of his or her political or religious opinions or affiliations, race, sex, or membership or non-membership in any private organization.
[5] Civil Service Rule 3.1(r) provides that a duty of the Director is:

To require departments and agencies to establish and implement, in accordance with established policy, an affirmative action program to assure equal employment opportunity in the Classified Service of State government.
[6] The certificate consists of a list of candidates from within the hospital staff.
[7] The certificate consists of a list of candidates from within the hospital staff and elsewhere.
[8] La. Const. Art. 10 § 7 provides:

Permanent appointments and promotions in the classified state and city service shall be made only after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness, and length of service, as ascertained by examination which, so far as practical, shall be competitive. The number to be certified shall not be less than three; however, if more than one vacancy is to be filled, the name of one additional eligible for each vacancy may be certified. Each commission shall adopt rules for the method of certifying persons eligible for appointment, promotion, reemployment, and reinstatement and shall provide for appointments defined as emergency and temporary appointments if certification is not required.
[9] We note that the rule is otherwise when a "preferred re-employment list" exists. The top ranking available candidate on a preferred re-employment certificate must be appointed.