|1JONES, Judge Pro Tem.
This is a suit for a declaratory judgment. Bryan K. Davidson and seven of his co-employees appeal a district court judgment *245 denying their request to be declared included within and entitled to the benefits of the Municipal Fire and Police Civil Service System in Shreveport, Louisiana. The district court held that the Municipal Fire and Police Civil Service Law, LSA-R.S. 33:2471 et seq., did not apply to the appellants and denied their request for declaratory relief. For the following reasons, we affirm.
BACKGROUND FACTS
The appellants are airport security officers, and they work at the municipal airports in Shreveport, Louisiana. All of them are employed by the City of Shreveport through the Airport Security Division of the Shreveport Airport Authority. None of them are employed by the Shreveport Police Department.
Each appellant is a commissioned officer, and all of them are authorized to carry firearms, make arrests, and issue summonses and traffic citations. However, despite their broad powers, they have neither a duty nor responsibility to voluntarily exercise them power outside the airport premises unless they are either in hot pursuit or called to assist the Shreveport Police Department in emergencies. Also, within the airport premises, airport security officers’ duties and responsibilities are further limited. They are not primarily responsible for making arrests for controlled dangerous substances offenses, or issuing tickets for moving violations, and they are instructed to let the Shreveport Police Department to handle automobile accidents.
Some of the activities airport security officers perform include the following: patrolling the airports by foot and car to insure city and state laws are being upheld, controlling vehicular and pedestrian traffic, working with the Federal Aviation Administration to handle bomb threats, preparing post-arrest reports, storing evidence in police department lockers, documenting a chain of custody for evidence, and communicating and working with other law enforcement agencies.
|2Based upon the above activities, the appellants, as airport security officers, argue they are included within the Shreveport Fire and Police Civil Service System despite the fact that their job title is “airport security officer.” They contend they have a duty and responsibility to perform law enforcement activities. They further contend that the City of Shreveport cannot hire them to perform those activities and then exclude them from the Fire and Police Civil Service System simply by calling them “security officers” instead of “police officers.”
DISCUSSION
Pursuant to the Municipal Fire and Police Civil Service Law, a classified civil service was created in the City of Shreveport. LSA-R.S. 33:2475. According to that law and specifically in regard to police, the classified service only includes positions that, inter alia, have as their primary duty and responsibility one of the following:
(1) The chief and assistant chiefs; the in-tradepartmental division, bureau squad, platoon, and company officers of the police department.
(2) Law enforcement.
(3) Crime prevention; identification; inspection; and investigation.
(4) Police headquarters desk service; jailer, and police matron.
(5) Operation and maintenance of radio, police alarm, or signal system.
(6) Police department instructors in employee training.
(7) Police control of traffic (vehicular and pedestrian.)
(8) Automotive or police apparatus repairs, if such service is operated exclusively by and for either or both the police or fire department.
(9) Secretary to the chief; and department records clerk.
LSA-R.S. 33:2481 A.
In the instant case, the trial court found that none of the listed duties and responsibilities are a primary duty and responsibility of the airport security officers. According to that finding, the Municipal Fire and Police Civil Service System does not apply to the position of airport security officer, and, therefore, the appellants are not entitled to the relief they sought. Thus, the key issue *246 presented for our review is whether the appellants, as airport security officers, have as a primary duty and responsibility one of the nine described in LSA-R.S. 33:2481 A.
|3This issue involves a factual determination resolved by the trial court, and, absent manifest or clear error, we have a duty to affirm. Rosell v. ESCO, 549 So.2d 840 (La.1989). Before we can reverse a trial court’s determination, not only must we determine that, based on the record, a reasonable factual basis for the finding does not exist, but we must also determine that, based on the recoi’d, the finding is clearly wrong (manifestly erroneous). Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993).
In the instant case, a reasonable factual basis for the trial court’s determination is supported by the record. The City of Shreveport Code of Ordinances, in reference to airport security officers’ duties and responsibilities, provides:
The airport security division shall be responsible for traffic control at municipal airports; the safety of persons and property at municipal airports; security at municipal airports; and all other duties and responsibilities as such are provided in rules and regulations of the airport authority or the Federal Aviation Administration pertaining to security at municipal airports.
Shreveport, La., Code § 18-84 (1971). The record reflects that the duties and responsibilities created by the Federal Aviation Administration regulations mainly concern controlling access to the areas of the airport where airplanes land, take off, and maneuver on the ground (Exhibit No. 5, FAA Reg. §§ 107.1(b)(2) and 107.13). More importantly, the Federal Aviation Administration regulations do not require any of the duties listed in LSA-R.S. 33:2481 to be a primary duty and responsibility of airport security officers. The nature of the law enforcement duty and responsibility created by the federal regulations, a duty listed in LSA-R.S. 33:2481, is subordinate; law enforcement is for support of the airport security programs and passenger screening systems (Exhibit No. 5, FAA Reg. § 107.15).
Furthermore, the Shreveport Code of Ordinances provides that the “[p]rimary responsibility for law enforcement and the maintenance of law and order at the city’s municipal airports is vested in the police department. Shreveport, La., Code § 18-84 (1971). Trial testimony from Steven W. Prator, Shreveport Chief of Police, confirms that the Shreveport Police Department is responsible for law enforcement at the municipal airports.
|4Additionally, Roy H. Miller, Jr., Director of the Shreveport Airport Authority, also testified that the primary duty of airport security officers is to prevent violations of the Federal Aviation Administration regulations from occurring on the airports’ premises. Miller further testified that airport police officers uphold city and parish ordinances and state laws only as a secondary and incidental duty to their primary duty.
Chief William Frank Gamble, Chief of Airport Security, testified that the primary duty of airport security officers is to uphold the Federal Aviation Administration regulations and to maintain the airports’ access control system. He explained, their duty consists of providing general security with a uniform presence, preventing people from bringing weapons into certain restricted areas, monitoring doors, gates and alarms, controlling traffic, and maintaining order at the airports. He likened the primary duty of airport security officers to guard duty. He further said, those duties could be performed by any private security guard service.
Bryan K. Davidson’s trial testimony supports the fact that enforcing city ordinances and state laws is a secondary duty for airport security officers. Davidson testified that he only upholds the law in extraordinary situations. The record reflects that he and the other airport security officers primarily perform only the duties and responsibilities specifically assigned to them.
Among the specific duties assigned to airport security officers are the following: (1) checking the perimeter of the airport, checking the airplane ramps and hangers, and checking the gates to make sure they are secured, (2) checking the parking lot and the *247 traffic and parking conditions, (3) checking the airport runway to make sure it is clear of discrepancies and debris, (4) responding to security checkpoints inside the terminal building when called by the private security g-uards who operate the checkpoints (FLEX), (5) checking inside the terminal (baggage pick-up areas, ticket counter areas, stairwells, etc.), and (6) checking the downtown airport. The record reflects that the above duties are the primary duties and responsibilities assigned to airport security officers on a daily basis. Other primary duties assigned on a daily basis to airport security officers include: controlling the security |5identification display area (SIDA) which involves monitoring the flow of people going between the terminal building for commercial air carriers and the immediate area around the terminal building where airplanes are serviced (tarmac); and making sure their security vehicles start and operate properly.
In this case, we find there is a reasonable factual basis in the record to support the trial court’s finding. As noted above, this is not to say that airport security officers do not perform any of the duties and responsibilities listed in LSA-R.S. 33:2481. We note that other airport security officers testified about incidents where they have made felony and misdemeanor arrests, informed suspects of their Miranda rights before interrogation, assisted the Shreveport Police Department at a murder scene by directing traffic, and assisted motorist involved in accidents until the Shreveport Police Department arrived. We also note that airport security officers are commissioned and have the authority to carry and discharge firearms, they wear uniforms almost identical to the Shreveport Police Department’s uniform, and they use some of the same types of forms used by the Shreveport Police Department. Although their uniform presence may have a deterrent effect on crime, that effect is incidental to their primary duty and responsibility. The fact that airport security officers may have performed some of the duties and responsibilities listed in LSA-R.S. 33:2481 does not mean that any of them are their primary duties and responsibilities. And, it is clear from the evidence that, in the late 1970’s when the City of Shreveport first created the positions for airport security officers, it intended for them to be separate and apart from the municipal fire and police services, and it expressly excluded that “position” from the Municipal Fire and Police Civil Service System.[1]
In the instant case, the record does not contain any documentary or other objective evidence that so contradicts any of the witnesses’ testimony, nor is any of the witnesses’ testimony so internally inconsistent or implausible on it face, that a reasonable fact finder would not credit the testimony. The trial court’s decision to believe one witness over the |6other is a credibility determination. Findings of fact based upon credibility determinations are afforded great deference; “for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, supra at 844.
CONCLUSION
For the foregoing reasons, we hold that, although airport security officers may perform duties listed in LSA-R.S. 33:2481, the trial court did not commit manifest or clear error in determining that airport security officers are not primarily responsible for performing any of those duties. Based upon that finding, the appellants are not entitled to participate in the Shreveport Fire and Police Civil Service System. Considering our disposition here, we pretermit a discussion of other issues raised by this appeal.
All costs are assessed to appellants.
AFFIRMED.

. "Position’’ is defined by LSA-R.S. 33:2473(13) as "any office and employment in the municipal fire and police services, the duties of which call for services to be rendered by one person.”