hNORRIS, Judge.
Richard Owen, a marine patrol officer, appeals a judgment ordering the City of Shreveport and its Municipal Fire and Police Civil Service Board (“Board”) to include him in the Municipal Fire and Police Civil Service System effective January 1, 1989 and to award him back pay and certain other benefits accordingly. Owen contends that the effective date should be March 26, 1981, when he was originally hired as a marine patrol officer. The City and the Board have dismissed their appeal, and urge only that the judgment should be affirmed. For the reasons expressed, we amend the judgment to fix the effective date as March 26, 1981, and otherwise affirm.

Factual background

The City employs officers to patrol Cross Lake, which lies in the northwest corner of the City and is its primary water supply. Like Shreveport police officers, marine patrol officers enforce State and municipal laws, regulations and ordinances, and protect life and property. They direct marine and vehicular traffic on and around the lake, answer complaints, investigate accidents, crimes and suspicious activity, and make arrests. The primary jurisdiction of marine patrol officers is on and around Cross Lake and other city parks adjacent to bodies of water, but Police Chief Prator testified that their authority was citywide. Dep., 22.
Richard Owen joined the marine patrol in March 1981. At that time marine patrol was under the Department of Water and Sewage. Later, on January 1, 1982, marine patrol came under the jurisdiction of Shreveport Parks and Recreation. Finally, on January 1, 1989, marine patrol was transferred to the Shreveport Police Department (“SPD”). SPD began issuing firearms, leather gear and cars to patrol officers. Patrol officers must wear an SPD uniform, complete 240 hours of the basic 320-hour police training course on weapons and law-enforcement, and recertify on weapons every six months. Since January 1, 1989, marine patrol officers have been paid from the SPD operating budget; citizen complaints against marine patrol officers are handled by SPD internal affairs; *797 and the conduct of marine patrol officers is governed by the SPD administrative manual. According to A.D. Johnson, the SPD lieutenant who supervises the marine patrol, the duties of marine patrol officers have remained the same since June 1989.
When first employed by the City in 1981, Owen attended a two-week training session (80 hours) which he described as a “crash course” in search and seizure law and weapons training. Owens was commissioned by the Chief of Police and authorized to make arrests but he had to supply his own weapon. The marine patrol position, though not classified under the police civil service system, was considered a classified service position in the municipal employees civil service system.
In April 1993 Owen and four other marine patrol officers filed suit against the City, seeking to be included in the Municipal Fire and Police Civil Service System. They later amended their petition to join the Board as defendant. The matter proceeded to a bench trial, with the submission of joint stipulations and live testimony. The plaintiffs testified that among their other duties prior to 1989, they dealt with burglaries of structures around the lake, made arrests for DWI violations, and prepared routine reports for each criminal violation encountered. Owens testified that while incidents of crime in and around Cross Lake have increased since 1989, his duties have remained essentially the same.
By written opinion the District Court found that marine patrol officers performed, as their primary duty and responsibility, several of the functions enumerated in La. R.S. 33:2481 A, including general law enforcement and crime ^prevention, traffic control, issuing tickets and citations, investigation of accidents, crimes and suspicious activity, making arrests, inspection of property, public relations and issuing permits. The court concluded that marine patrol officers are “primarily responsible for the law enforcement and general crime prevention within the Cross Lake area,” and ruled that the plaintiffs were entitled to seniority in Municipal Fire and Police Civil Service based on their years of service as law enforcement officers, as well as to retroactive pay at the appropriate levels for SPD officers. R.p. 151. The court did not, however, fix the effective date for their inclusion and retroactive benefits; the plaintiffs filed a motion to do so and a hearing was conducted.
After the hearing the court rendered judgment fixing January 1, 1989 as the effective date for the plaintiffs’ classification in Municipal Fire and Police Civil Service, salary and employment-related benefits, and retroactive pay. Owen has appealed, urging that the effective date should be that of his original hiring, March 26,1981.[1] The City and Board initially appealed, but later dismissed their appeal and now seek only affirmance of the judgment.[2] Thus the only issue on appeal is the effective date of Owen’s inclusion in Municipal Fire and Police Civil Service for purposes of seniority, salary and other employment-related benefits, and retroactive pay. The City concedes that the other aspects of the judgment are correct. Br., 2, 9.

Applicable law

The Louisiana Constitution mandates a system of police civil service applicable to the City of Shreveport. La. Const. Art. 10, § 16; La. R.S. 33:2475; West v. Allen, 382 So.2d 924 (La.1980). Civil service statutes are designed to psecure adequate protection to career public employees from political discrimination. State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65 (1949).
The Municipal Fire and Police Civil Service Law, La. R.S. 33:2471, et seq., provides that classified service in the system includes every employment position which has, as its primary duty, law enforcement and crime prevention, identification, inspection and investigation. La. R.S. 33:2473(7), 2481. The system provides for protection against political discrimination in the promotion and dismissal of classified service employees based significantly upon seniority and promotion testing. La. R.S. 33:2473(16). and (20), 2491- *798 2493. Seniority is defined by the statute to include the time period dating from first employment. La. R.S. 33:2473(20).
The Board is charged with the allocation into individual employment classes of those classified service positions which are “alike in the essential character of their duties, responsibilities, and consequent qualification requirements.” R.S. 33:2473(1) and (5), 2484.

Discussion

The issue of whether Owen is entitled to classification in the Fire and Police Civil Service, back pay and the benefits listed in judgment has not been appealed, but some consideration of the relevant facts is useful in resolving the assigned issue, i.e., the effective date of Owen’s classification. The determinative fact is not whether the City or the Board recognized marine patrol officers’ duties as law enforcement service, but whether law enforcement duties were in fact the primary function of the marine patrol.
The record shows that Owen’s duties as a marine patrol officer were substantially the same, both prior to and after January 1, 1989. He was required to | spatrol the lake and enforce laws regarding marine and motor vehicle traffic; to investigate burglaries of structures around the lake; and to patrol the parks for vandalism and crime. Admittedly, after January 1989 Owen and other marine patrol officers had to meet additional requirements in weapons training and law enforcement education. The record shows, however, that these heightened criteria only enhanced Owen’s ability to continue to perform in law enforcement.
The thrust of the City’s argument is that prior to January 1989, Owen’s training and duties were much less rigorous than those of all other SPD officers in the system, ergo, the effective date of his classification should not be earlier than January 1989. In support it cites Davidson v. Shreveport Airport Auth., 26,172 (La.App.2d Cir. 10/26/94), 645 So.2d 244, writ denied 94-2902 (La.1/27/95), 649 So.2d 391, a case in which “airport security officers” were found not to be entitled to classification within Municipal Fire and Police Civil Service. Davidson, however, is distinguished from the instant case, in that the plaintiffs therein failed to show that their job description, as defined in the Shreveport City Code and FAA regulations, or their actual job performance, as established by testimony, included any of the responsibilities listed in R.S. 33:2481 A as a primary duty. Such is simply not the case here. The instant record supports the District Court’s specific finding that marine patrol officers “are primarily responsible for the law enforcement and general crime prevention within the Cross Lake area.” Stobart v. State, 617 So.2d 880 (La.1993).
As noted above, the only issue presented on appeal is whether the District Court erred in fixing the effective date of Owen’s classification as January 1, 1989, instead of March 26, 1981, when he began service with marine patrol. While training standards were raised and superior equipment provided for marine patrol officers in January 1989, the record does not show that their primary duties 16or responsibilities changed at that time. In short, the record contains no basis for ordering Owen’s classification to begin in January 1989 instead of the date of his initial hiring, March 26, 1981. The judgment will be amended accordingly.

Conclusion

For the reasons expressed, the judgment is amended to fix the effective date of Richard Owen’s classification in Municipal Fire and Police Civil Service as March 26, 1981. Costs are not assessed. La. R.S. 33:2475, 13:4521.
AMENDED AND AFFIRMED.
CARAWAY, J., concurs in part and dissents in part with written reasons.

. The other four plaintiffs did not appeal.

. The appeal was dismissed on May 21, 1997 upon joint motion of all parties.