808 So.2d 436 (2001)
James T. JOHNSON, Jr.
v.
DEPARTMENT OF HEALTH AND HOSPITALS, Office of Public Health.
No. 2000 CA 0071.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
*437 James T. Johnson, Jr., Kenner, Pro Se.
Donna Cobb, Houma, for Defendant/Appellee, Department of Health and Hospitals.
Robert R. Boland, Jr., Baton Rouge, for Allen H. Reynolds, Director, Department of State Civil Service.
Before: CARTER, C.J., FOIL, and WEIMER, JJ.
CARTER, Chief Judge.
This is an appeal from a decision of the Louisiana State Civil Service Commission (the Commission).
James T. Johnson, Jr. (Johnson) is employed with the Department of Health and Hospitals (DHH) as a Disease Intervention Specialist III, with the Office of Public Health and is serving with permanent status. Johnson, an African American male, was interviewed for the position of Disease Intervention Specialist Supervisor I (DIS Sup I) in Region III. Mr. Thomas Shavor, a white male who had been administratively covering the position since the resignation of the incumbent, was also interviewed and was promoted to the job. Johnson appealed to the Commission claiming that his qualifications were greater than or equal to those of the candidate selected for the job and the only reason that he was denied the job was racial bias.
A public hearing was held in New Orleans before a Civil Service referee on April 28, 1999. At the conclusion of Johnson's case, DHH requested that the appeal be dismissed on the basis that Johnson did not prove discrimination. The referee took the matter under advisement. On August 12, 1999, the referee rendered a decision in the matter, made findings of fact and concluded that Johnson did not satisfy his burden of proving racial discrimination in the presentation of his case. He further concluded that the allegations of discrimination were mere conclusions of discrimination and were not sufficient to establish a basis for appeal. The referee then denied the appeal.
Johnson filed an application for review with the Commission. The Commission denied the application and the decision of the referee became the final decision of the Commission. This appeal followed.
Johnson represented himself before the Commission and is now representing himself before this court. Johnson's brief to this court is in the form of a letter, which consists of 22 numbered paragraphs of complaints, but delineates no assignments of error. A layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney. Connolly v. Connolly, 316 So.2d 167, 168 (La.App. 4th Cir.1975). However, a layman assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. Rochon v. Consolidated Constr. Co., 452 So.2d 404, 405 (La.App. 3rd Cir.1984). In light of the pro se nature of Johnson's appeal, we have considered the appeal "brief" and now examine the propriety of the Commission's decision.

FINDINGS OF FACT
Generally, decisions of Civil Service Commission referees are subject to *438 the same standard of review as decisions of the Commission itself. Decisions of the Civil Service Commission are subject to the same standard of review as a decision of a district court. Great weight should be given to the factual determinations of the Commission or a referee. The Commission's finding of fact should not be reversed unless clearly wrong or manifestly erroneous. Marcantel v. Department of Transp. and Development, 590 So.2d 1253, 1255 (La.App. 1st Cir.1991).
Johnson claims that the referee included data in his judgment that was not discussed or not supported by evidence. Specifically, appellant complains of "lines 2, 3 and 5." We interpret this complaint to mean findings of fact numbers 2, 3 and 5. Finding of fact 2 states, "Before the incumbent's resignation, the incumbent had been suspended. When the incumbent in the position was suspended, officials in Region III asked Mr. Thomas Shavor to administratively cover the position." Johnson's testimony at the hearing supports this finding. Finding of fact 3 states, "Mr. Shavor is a white male. Appellant is an African American male." The record in this matter supports this finding. Finding of fact 5 states, "The job was posted and candidates were allowed to apply. Applicants were allowed to take the qualifying test." The testimony of Lori Fakier, in response to Johnson's questioning, supports this finding.
After thorough review, we find that all of the above Commission's findings of fact are supported by the record. Therefore, we find no manifest error.

ALLEGATIONS OF DISCRIMINATION
Under Louisiana law, in a proceeding before the Commission, the employee has the burden of proving discrimination. La. Const. Art. 10, § 8(B); Lawson v. State, Dept. of Health and Hospitals (DHH), Cent. Louisiana State Hosp., 618 So.2d 1002, 1004 (La.App. 1st Cir.1993), writ denied, 624 So.2d 1222 (La.1993). We conclude that the record fails to reveal any manifest error on the part of the referee in finding that Johnson failed to prove he was discriminated against.
Johnson's primary complaint appears to be that DHH allowed individuals to test for the position of DIS Sup I instead of filling the position from the existing list of eligible candidates. Had this been done, Johnson contends, Thomas Shavor's name would not have appeared on the list of eligibles and Johnson would have been the only candidate from Region III possessing a qualifying score. Johnson alleges that minorities on the list of eligibles are being passed over until DHH can find someone "of the right nationality."
At the hearing before the referee, Johnson called Lori Fakier, DHH's Human Resource Director for Region III, as a witness. Ms. Fakier testified that the position for which Johnson interviewed is classified as "GS-19" and filling a position at that level is competitive. In response to Johnson's questioning on DHH's procedures regarding lists of eligibles, Ms. Fakier testified that when an appointing authority asks her to do so, she requests a certificate of eligibles from Civil Service. When Civil Service receives the request, it announces the position. Employees who wish to be considered will complete an application and submit it to Civil Service. The applicants then take the appropriate test. After Civil Service scores the tests, it issues an official certificate of eligibles listed according to test scores. On cross-examination, Ms. Fakier testified that for this position there is no certificate of eligibles available to Human Resources before an announcement is made.
*439 Johnson questioned Ms. Fakier at length regarding the earliest date on which the position could have been filled. Ms. Fakier testified that the earliest date the position could have been filled on a permanent basis was February 6, 1998, the effective date of the incumbent's resignation. She stated, however, that she cannot request a certificate of eligibles unless an appointing authority asks her to do so. Once Civil Service in Baton Rouge receives her request for a certificate of eligibles, it announces the position. Ms. Fakier testified that she received a request for a certificate of eligibles on June 22, 1998. No reason was given to her for the delay from February to June. Ms. Fakier stated, however, that an appointing authority can fill positions according to its needs. She also stated that she is aware of the procedures for filling positions and that it is a cumbersome process.
The testimony at the hearing shows that for a job at this level, the usual procedure is to allow applicants to take the appropriate civil service test before creating a certificate of eligibles. Further, no evidence was produced to show that a delay from February to June in receiving a request for a certificate of eligibles was unusual. We find that none of the testimony at trial supports Johnson's contention that he was discriminated against based on race in the process of filling the position of DIS Sup I for Region III. In fact, the testimony shows that proper procedure was followed.
We conclude, as did the referee, that Johnson did not satisfy his burden of proving racial discrimination in the presentation of his case. We find no error in the referee's conclusion that the allegations of discrimination were mere conclusions of discrimination and were not sufficient to establish a basis for appeal.
In his brief to this court, Johnson also complains of the method in which the hearing was conducted. After a thorough review of the record in this matter, we find that Johnson's complaints are without merit. Johnson, who represented himself at the hearing, presented his case and called witnesses. The referee conducted the hearing in a fair and impartial manner. Johnson complains that a document, dated January 11, 1999, and identified at the hearing as "J-4," was excluded. However, the record reflects that Johnson entered a stipulation that the document was repetitive and the document was received and filed.

CONCLUSION
For the reasons set forth herein, we affirm the decision of the referee, which was adopted by the Commission, and we cast James T. Johnson, Jr. with costs of this appeal.
AFFIRMED.