WILLIAMS, J.
hThe plaintiffs, Shreveport Police Officers Association and Michael Carter, appeal a judgment denying their motion for summary judgment and granting summary judgment in favor of the City of Shreveport and the Louisiana attorney general. The district court determined that LSA-R.S. 38:2481.4 was constitutional. For the following reasons, we affirm.
FACTS
In 2010, the Louisiana legislature passed by a two-thirds vote of each house LSA-R.S. 88:2481.4, which authorizes the creation of the position of deputy chief of police within certain municipal civil service systems, including that of Shreveport. Pursuant to the law, the police chief would appoint a deputy chief from a competitive list. The deputy would be evaluated after serving three years, at which time the deputy could be retained for another three years or removed by the police chief and returned to his previous rank. In 2011, the City of Shreveport (“the City”) enacted ordinance 43, creating the position of deputy chief of police for the City.
The plaintiffs, Shreveport Police Officers Association (“SPOA”) and Michael Carter, individually and as president of SPOA, filed a petition for declaratory judgment against the defendants, the City, Mayor Cedric Glover, Shreveport Police Chief Willie Shaw, the Shreveport Municipal Fire and Police Civil Service Board and Melinda Livingston, in her capacity as State Examiner. The plaintiffs’ petition sought a judicial declaration that LSA-R.S. 33:2481.4 and Shreveport Ordinance 43 violate their equal protection rights under La. Const. Art. I, sec. 3, and violate La. Const. Art. X, sec. 18, which prohibits the legislature from abolishing the fire and police civil | gservice system. The petition was served on the Louisiana Attorney General.
Subsequently, the plaintiffs filed a motion for summary judgment declaring that Section 2481.4 and Shreveport Ordinance 43 are unconstitutional, alleging that the statutes effectively abolish the civil service system and violate their equal protection rights. The City and the attorney general filed separate motions for summary judgment declaring that the statutes are constitutional. After a hearing on the motions, the district court issued oral reasons for judgment. The court concluded that Section 2481.4 and Shreveport Ordinance 43 are constitutional, finding that the statutes did not abolish the civil service system or violate the due process rights of the plaintiffs. The court rendered judgment denying the plaintiffs’ motion for summary judgment and granting summary judgment in favor of the City and the attorney general. The plaintiffs appeal the judgment.
DISCUSSION
In three assignments of error, the plaintiffs contend the district court erred in finding that the statute authorizing the City to create the deputy chief position is constitutional. Plaintiffs first argue that the statute violates the state constitution by creating a nonpermanent position that *794 can be renewed or rescinded at the police chiefs discretion.
The Louisiana Constitution mandates a system of police civil service applicable to the City. La. Const. Art. X, § 16; LSA-R.S. 33:2475. Permanent appointments and promotions in municipal police civil service shall be made only after certification by the police civil service board under a general system “based upon merit, efficiency, fitness and length of [{¡service” as provided in Art. XIV, sec. 15.1 of the 1921 Constitution, subject to change by law that is enacted by two-thirds of each house of the legislature. La. Const. Art. X, sec. 17. The provisions of Art. XIV, sec. 15.1 of the 1921 Constitution are retained and continued in effect as statutes. The legislature, by two-thirds vote of each house, “may amend or otherwise modify any of those provisions, but it may not abolish the system of classified civil service” for such municipal policemen. La. Const. Art. X, § 18. Civil service statutes are meant to secure adequate protection to career public employees from political pressure. Owen v. City of Shreveport, 29,990 (La.App.2d Cir.1/21/98), 705 So.2d 795.
When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be applied as written without any further interpretation in search of its intent. In ascertaining the intent, general purpose and meaning of a constitutional provision, or a part thereof, it should be construed as a whole. Succession of Lauga, 624 So.2d 1156 (La.1993).
LSA-R.S. 33:2481.4 provides in pertinent part:
A. Notwithstanding any other provision of law to the contrary, the governing authority may create, by ordinance, the position of deputy chief of police in accordance with the provisions of this Section. The position shall be filled on a competitive basis from a list of eligibles ... and the right of selection, appointment, supervision, and discharge for such position shall be vested in the chief of police, subject to approval of the appointing authority. In addition, the governing authority shall establish the duties and responsibilities of the deputy chief of police in the ordinance creating the position. Such duties and responsibilities may include direct supervision over all positions in the classified service below the rank of chief of police. The position of deputy chief of police is not the same as the position of Lassistant chief of police as provided in R.S. 33:2481(A)(1).
B. (1) The deputy chief of police shall have not less than eight years of full time law enforcement experience and shall at least hold the rank of sergeant in the classified police service at the time of his appointment.
[[Image here]]
The deputy chief of police shall serve indefinitely in the classified competitive position and shall be evaluated every three years by the police chief. After each evaluation, the police chief may, at his discretion, reconfirm the deputy chief for another three year period or demote the deputy to his former class of positions. LSA-R.S. 33:2481.4(0(1).
In their brief, the plaintiffs allege that the core principles of the classified system for police are permanent appointment and promotion based on merit and length of service. Plaintiffs argue that the provision giving a police chief discretion to remove the deputy after three years abrogates these core principles and is unconstitutional.
Regarding the discretion given to the police chief in the statute, we note *795 that the civil service law also gives discretion to the appointing authority in other situations. For example, in making appointments for competitive positions, the appointing authority is not required to promote by seniority, but has much discretion in choosing employees certified as eligible for promotion by the civil service board. Lawson v. State DHH, 618 So.2d 1002 (La.App. 1st Cir.1998); Blake v. Giarrusso, 263 So.2d 392 (La.App. 4th Cir.1972); Sewell v. New Orleans Police Department, 221 So.2d 621 (La.App. 4th Cir.1969).
Specifically, Section 2481.4 provides that the position of deputy chief |sof police shall be filled on a competitive basis from a list of eligible persons compiled by the police civil service board and requires that the deputy have not less than eight years of law enforcement experience. These statutory provisions are consistent with the plain language of La. Const. Art. X, Sec. 17, which requires that promotions in the police civil service be made only after certification by the police civil service board under a general system based on merit and length of service. Thus, plaintiffs have not shown that the discretion given to the appointing authority in evaluating a deputy’s performance conflicts with the constitution.
Additionally, plaintiffs contend the statutory provision making the deputy position subject to three-year evaluations essentially creates a prohibited contract for personnel services, citing Parker & Assoc., Inc. v. State Dept. of Civil Service, 454 So.2d 162 (La.App. 1st Cir.1984). However, the present ease does not involve a contract for services with a third party, such as the contract at issue in Parker, supra. The statute provides that at the time of appointment, the deputy chief must at least be a sergeant in the classified police service. As a result, the deputy will always be a classified employee, not a private contractor hired to replace a protected worker. Thus, the record supports the trial court’s finding that the evaluation requirement did not constitute an employment contract that displaced a classified worker.
The plaintiffs also argue that Section 2481.4 is effectively a return to the spoils system, because the police chief can “reward” the deputy chief with an increase in salary and the resulting greater retirement benefits. | (¡However, the plaintiffs did not show that an increased salary for the deputy chief is more damaging to the civil service system than a salary increase for those appointed to other positions, such as assistant chief. Based upon the law and the record in this case, the plaintiffs have failed to prove that the statutory provisions have the effect of abrogating worker protections to the extent of abolishing the civil service system. Thus, the assignment of error lacks merit.

Seniority

The plaintiffs assert that the statute disrupts seniority for promotions in the classified service by allowing the deputy chief to continue to accumulate seniority. Plaintiffs argue that this provision is unfair to other classified employees because the person serving as deputy chief is “outside” of the classified service. LSA-R.S. 33:2481.4 provides in pertinent part:
[[Image here]]
C. (1) Any person who is appointed from a position in the classified police service to serve as deputy chief of police shall not forfeit his seniority accumulated to the date of his appointment, and he shall continue to accumulate seniority ... during the time he holds the position of deputy chief of police.
The plaintiffs’ argument is not supported by the Municipal Fire and Police *796 Civil Service Law, which provides that the classified service shall include every position that is subject to appointment by a municipal government employee, with the primary responsibility of law enforcement or crime prevention and investigation. LSA-R.S. 38:2481(A). Thus, contrary to the plaintiffs’ contention, the deputy chief position is included in the classified service, because the police chief, a government employee, has the right of appointment and law enforcement is a primary duty of the 17position. In addition, because the deputy would accrue the same seniority as if he had remained in his prior rank, the plaintiffs have not demonstrated that Section 2481.4 would be unfairly prejudicial to other classified employees. The assignment of error lacks merit.

Equal Protection

The plaintiffs contend the minimum rank requirement is arbitrary and violates the equal protection guarantee of the Louisiana Constitution. The plaintiffs argue that the rank requirement serves no appropriate state interest because in cities like Shreveport, where one can apply for the police chief position without regard to rank, a person could qualify to apply for the position of chief, but not for the subordinate position of deputy chief.
No person shall be denied the equal protection of the law. No law shall discriminate against a person because of race or religious beliefs and no law shall arbitrarily or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. La. Const. Art. I, § 3. Under this constitutional provision, the courts are required to decline enforcement of a legislative act in three situations: (1) if the law classifies individuals by race or religious beliefs, it must be repudiated completely; (2) if the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas, it should not be enforced unless the state demonstrates a reasonable basis for such classification; and (3) if the law classifies individuals on any other basis, it should not be enforced when any member of a disadvantaged class shows that the legislative act does not suitably further any appropriate state Isinterest. Sibley v. Bd. of Supervisors of LSU, 477 So.2d 1094 (La.1985); Morgan v. City of Shreveport, 46,362 (La.App.2d Cir.7/13/11), 71 So.3d 1104. The equal protection clause does not require absolute equality or precisely equal advantages, but mandates that the law treat alike all persons and interests similarly situated. Beaudaire v. Greenhouse, 05-0765 (La.2/22/06), 922 So.2d 501.
In the present case, the statute provides that the deputy chief of police shall have not less than eight years of full-time law enforcement experience and shall hold at least the rank of sergeant at the time of appointment. LSA-R.S. 33:2481.4(B)(1). The statute does not classify individuals on the basis of race, religion, age, political affiliations or any other protected category. Thus, the plaintiffs have the burden of proving that the rank requirement is not rational and does not further any appropriate state interest.
In their brief, the plaintiffs complain that the above stated minimum rank requirement does not apply to the position of police chief, that the requirement applies across the state without regard to the size of a municipality’s police department and that in a city of Shreveport’s size, a police officer with eight years experience would not have sufficient seniority to attain the rank of sergeant. They assert that a better method for setting qualifications would be to remove the rank requirement. Although plaintiffs propose a reasonable alternative to the statutory re *797 quirements, they have not demonstrated that the legislative act does not suitably further an appropriate state interest.
The evidence presented indicates that Section 2481.4 is rationally | flrelated to the significant state interest in providing adequate public safety through the means of giving local governments the authority to create the position of deputy chief of police, to be selected on a competitive basis. The statutory requirement that the deputy chief hold the minimum rank of sergeant suitably furthers the legitimate governmental interest in having municipal police departments select deputy chiefs with the breadth of experience necessary to properly perform the job. In addition, the rank requirement for the deputy chief position can reasonably be considered a rational alternative to the public confirmation process that occurs in the appointment of a police chief. We also note that even though there is no minimum rank required for the position of police chief, there are other qualifications for that position that are not required for the deputy chief position, such as the time spent in supervisory and administrative positions and level of education.
After considering the applicable law and the record, we conclude that the plaintiffs failed to satisfy their burden of proving that no rational basis can be articulated for the statutory rank requirement. The assignment of error lacks merit. Thus, the district court did not err in ruling that the statute is constitutional and denying the plaintiffs’ motion for summary judgment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Shreveport Police Officers Association and Michael Carter.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, PITMAN and LOLLEY, JJ.
Rehearing denied.