STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0020

MATTHEW RAGONA

VERSUS

LOUISIANA WORKFORCE COMMISSION

Judgment Rendered: Septembr 27, 2019

\*\*\*\*\*\*\*\*

Appealed from the State Civil Service Commission,

State of Louisiana, Case No. S-18434

Honorable David Duplantier, Chairman; D. Scott Hughes, Vice-Chairman; John McLure, G. Lee Griffin, C. "Pete" Fremin, Ronald M. Carrere, Jr., and Jo Ann Nixon, Presiding Commissioners of the State Civil Service Commission, Byron P. Decoteau, Jr., Director, Department of State Civil Service

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Allison A. Jones<br>Shreveport, Louisiana | Counsel for Plaintiff/Appellant<br>Matthew Ragona |
| John W. Williams, Jr.<br>Melissa S. Losch<br>Alejandro R. Perkins<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Workforce Commission |
| Adrienne Bordelon<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Byron P. Decoteau, Jr., Director,<br>Department of State Civil Service |

\*\*\*\*\*\*\*\*

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ

**LANIER, J.**

The plaintiff/appellant, Matthew Ragona, appeals the decision of the Civil Service Commission of the State of Louisiana (the Commission), which denied his application for review of the referee's decision to terminate his employment with the Louisiana Workforce Commission (LWC). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 30, 2018, Mr. Ragona received notice from the LWC that he had been terminated from his position as a Workforce Development Specialist 2. The LWC stated in the notice that his position was a "job appointment," which is a temporary, non-permanent position that could be terminated at any time. Mr. Ragona was further notified that his final day of employment would be May 31, 2018.

On June 14, 2018, Mr. Ragona sent a letter to the Commission, in which he stated he was employed by the LWC from December 8, 2014 to May 31, 2018 as a Workforce Development Specialist 2. He claimed to have been "laid off" due to false allegations of sexual harassment. He also claimed that he had a physical disability and that he was treated differently from other non-disabled employees. Mr. Ragona filed his appeal to the Commission on June 20, 2018.

On August 7, 2018, the Commission mailed a notice of possible defects in the appeal to Mr. Ragona, which stated that under Louisiana Civil Service Rule 23.5, an appointing authority may terminate a "job appointment" at any time without legal cause.[1] The Commission advised Mr. Ragona that he had the right to

---

[1] Louisiana Civil Service Rule 23.5(a) states, in pertinent part:

> A job appointment is a temporary appointment of an employee to fill a position in the classified service for a limited period of time. An appointing authority may

appeal if he alleged that he had been adversely affected by a violation of the Civil Service Rules or had been discriminated against because of his religious or political beliefs, sex, or race, but not due to physical disability. The Commission advised that it does not have jurisdiction to hear cases dealing with discrimination based on a physical disability. The Commission also stated that Mr. Ragona's appeal did not make any specific factual allegations of discrimination as required by Louisiana Civil Service Rules 13.10 and 13.11.[2] The Commission gave Mr. Ragona fifteen calendar days to adequately amend his appeal to prevent it from being dismissed.

On August 20, 2018, Mr. Ragona, through his retained counsel, sent an amended letter of appeal to the Commission, in which he expanded on his previous appeal by including additional allegations. He stated that false allegations of sexual harassment were brought against him by a female co-worker, Heather Daigrepont, who he claimed befriended him and led him to believe she was romantically interested in him. Mr. Ragona stated that Ms. Daigrepont "asked

---

use a job appointment to fill a position for a period not to exceed four years. For rational business reasons, an appointing authority may request a longer term job appointment. The Commission may approve such requests or delegate approval authority to the Director. An appointing authority may terminate a job appointment at any time.

[2] Louisiana Civil Service Rule 13.10 states, in pertinent part:

Only the following persons have a right of appeal to the Commission: ... a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex, or race.

Louisiana Civil Service Rule 13.11 states, in pertinent part:

A notice of appeal must... [c]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is *not* sufficient.

[him] out to lunch several times, repeatedly asked him to go out, paid for his food every time they went out to eat, asked him to dance, talked about her personal life with him, etc."

Mr. Ragona stated that his physical disability is cerebral palsy, and that because of his disability he did not have much experience with romantic relationships. He stated that he believed Ms. Daigrepont was genuinely interested in him. Ms. Daigrepont was in a higher position of authority, so he wanted to build upon his relationship with her. He in turn asked Ms. Daigrepont out to lunch several times.

Mr. Ragona stated he was surprised when Ms. Daigrepont filed sexual harassment charges against him. He stated that Ms. Daigrepont never indicated to him that his actions were unwelcomed by her. Mr. Ragona further claimed that no investigation was conducted regarding the allegations, and that he was never questioned about any incident. Mr. Ragona claimed that he was treated differently from his non-disabled female co-workers. Mr. Ragona advised that he had also filed a charge of discrimination due to disability with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights.

The Commission referee rendered a decision on Mr. Ragona's appeal on October 2, 2018. The referee found that since Mr. Ragona held his position due to a job appointment, he could be terminated at any time without legal cause. The referee advised Mr. Ragona that his only right to an appeal would be in a claim of a violation of the Civil Service Rules or a claim of discrimination based on religious or political beliefs, race, or sex. The referee noted that Mr. Ragona had made a claim of discrimination based on his physical disability, over which the referee stated the Commission had no jurisdiction. The referee further noted that

4

Mr. Ragona made a sexual discrimination claim, but that he failed to support that claim with specific factual allegations. Thus, the referee dismissed Mr. Ragona's appeal.

On October 16, 2018, Mr. Ragona sent a letter for application for review of the referee's decision, in which he included the allegation that Ms. Daigrepont was not being disciplined for the inappropriate advances she had made towards him. Mr. Ragona further outlined instances where other female employees joked or acted with sexual undertones in the workplace around him and were not disciplined, which he claimed were proof that he was singled out when terminated from his employment. Mr. Ragona also stated that another male employee, who was initially terminated for video voyeurism, eventually had his employment reinstated. Mr. Ragona contended the he also should have his employment reinstated.

On November 7, 2018, the Commission filed a notice of action on Mr. Ragona's application for review of the referee's decision, in which the Commission denied the application.[3] Mr. Ragona then filed the instant appeal.

---

[3] The denial of the application for review made the referee's decision the final decision of the Commission. See Louisiana Constitution Article 10 § 12(A) which provides, in pertinent part:

> The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.

5

## ASSIGNMENTS OF ERROR

Mr. Ragona assigns the following errors:

1. The Commission committed legal error by denying Mr. Ragona a right to appeal the termination of his employment.

2. Mr. Ragona alleged sufficient facts supporting a claim that he had been discriminated against on the basis of sex.

## STANDARD OF REVIEW

Generally, decisions of Civil Service Commission Referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Civil Service Commission are subject to the same standard of review as a decision of a district court. *Johnson v. Department of Health and Hospitals,* 2000-0071 (La. App. 1 Cir. 2/16/01), 808 So.2d 436, 437-438. When reviewing the Commission's findings of fact, the appellate court is required to apply the manifestly erroneous or clearly wrong standard of review. *Usun v. LSU Health Sciences Center Medical Center of Louisiana at New Orleans,* 2002-0295 (La. App. 1 Cir. 2/14/03), 845 So.2d 491, 494.

## DISCUSSION

In the written notice of termination that the LWC delivered to Mr. Ragona, the reason given for his termination is that his "job appointment" had ended. The LWC did not make any allegations of sexual harassment in their notice, nor do any allegations of sexual harassment appear anywhere else in the record, other than in Mr. Ragona's own statements. Thus, there is no factual basis for Mr. Ragona to state he was terminated for committing sexual harassment. According to Rule 23.5, a job appointment position is a temporary position not to exceed four years in duration. The notice states that Mr. Ragona had been employed as a Workforce Development Specialist 2 job appointment beginning on December 8, 2014, and

6

that his employment was to end on May 31, 2018. His term of employment was seven months short of the four-year mark as provided by Rule 23.5, which also states that non-permanent employment, such as Mr. Ragona's can be terminated at any time. Mr. Ragona's termination, therefore, was in compliance with Rule 23.5.

In his initial appeal to the Commission, Mr. Ragona claimed his employment was terminated due to the allegations of sexual harassment against him and due to his physical disability. The Commission correctly found deficiencies in this appeal. As stated above, there is no evidence that Mr. Ragona was terminated for sexual harassment. Furthermore, Mr. Ragona does not challenge the Commission's decision on the physical disability discrimination allegation in this appeal.

Mr. Ragona's claim of sexual discrimination was likewise made initially without any specific factual allegations as required by Rule 13.11. In his application for review of the referee's decision, Mr. Ragona makes the argument that while he was disciplined for allegedly inappropriate behavior, his female co-employees, Ms. Daigrepont in particular, were not disciplined for the same or similar inappropriate behavior. Again, these are Mr. Ragona's own unfounded allegations. Mr. Ragona has presented no evidence of any charges of sexual harassment brought against him or Ms. Daigrepont. Further, he has not presented any specific evidence of any other inappropriate behavior committed by his female co-workers.

Rule 13.11(d) provides that a notice of appeal must:

Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to

7

enable the agency to prepare a defense. A conclusion of discrimination is *not* sufficient. The types of facts which must be included are:

1. the date, time and place the discriminatory action took place;

2. the name of the person or agency alleged to have taken the discriminatory action;

3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;

4. the names of other persons treated differently and the dates the different treatment occurred;

5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.

We find, based on the record in the instant case, that Mr. Ragona has merely made a conclusion of sexual discrimination. He has not provided any specific dates of instances where he was discriminated against based on his sex. While he does name Ms. Daigrepont, he has not given the names of the other female co-workers who he claims were given different treatment. His claim that another male co-worker was reinstated to his position after being terminated for inappropriate behavior does not explain how Mr. Ragona himself was a victim of sexual discrimination.

Based on our review of the entire record, we find that the Commission was not manifestly erroneous in its finding that Mr. Ragona did not present specific facts of sexual discrimination, and the denial of his application for review was appropriate. Furthermore, the LWC was well within its authority to terminate Mr. Ragona as a temporary "job appointment" under Rule 23.5.

**DECREE**

The decision of the Louisiana Civil Service Commission to deny the application for review of the appellant, Matthew Ragona, is affirmed. All costs of this appeal are assessed to Mr. Ragona.

**AFFIRMED.**